**In re the LOCK SHOPPE, INC., Debtor.**

**Bankruptcy No. 83–03601G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 31, 1986.

Henry Wessel, Wessel & Carpel, Philadelphia, Pa., for trustee, Leo F. Doyle.

### MEMORANDUM AND ORDER

BRUCE FOX, Bankruptcy Judge:

Before the court is the application of Wessel & Carpel ("Wessel"), attorney to

the trustee in this chapter 7 case, for compensation pursuant to 11 U.S.C. § 330(a). Wessel seeks compensation in the amount of $765.00. For the reasons set forth below, the court will only grant compensation in the amount of $485.00.

The trustee's first and final account in this case states that the entire estate consists of the sum of $900.00. It is proposed that $135.00 be distributed to the trustee. *See* 11 U.S.C. § 326(a). Wessel requests the balance of the estate, $765.00, as compensation for its services to the trustee.

In support of the request, Wessel has submitted an affidavit which avers that 8.15 hours were expended in this case over a three year period. The application requests compensation at the rate of $100.00 per hour for the entire period.[1]

■ At the outset, the court observes that the application and accompanying affidavit are clearly insufficient under the standards which have been established in this Circuit for the award of attorney's fees. *E.g., In re Meade Land Development Co.* 527 F.2d 280 (3d Cir.1975); *Lindy Bros. Builders, Inc. v. American Radiator & Standard Co.,* 487 F.2d 161 (3d Cir.1973). No information has been provided to guide the court in setting an hourly rate. *See In re Fine Paper Antitrust Litigation,* 751 F.2d 562 (3d Cir.1984) (rates set by court should be based on rate attorney commands in the market place, usually reflected in his/her normal billing rate); *accord, Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Indeed, the application does not even advise the court of the name of the attorney who actually performed the work in this case. *See Fine Paper,* 751 F.2d. at 590 (requiring individualized determination of attorney's hourly rates). On some items, no detailed information was provided to explain the nature of the work done.[2] For some items, it is unclear why the tasks were performed by counsel rather than the trustee.[3] And, on one item, the affidavit impermissibly "lumps" together more than one activity making it impossible for the court to properly review the request for compensation.[4]

■ Due to these deficiencies, in particular the failure to provide the court with a basis to set an hourly rate, it is within the court's power to deny fees altogether, or, at a minimum, to require that the fee application be supplemented. In this case, however, in light of the miniscule size of the estate and in the interest of judicial economy, the court will not put counsel (or the court) through that exercise. Despite misgivings whether there was ever any need for counsel in this case, the court recognizes that counsel was appointed, performed services and is entitled to compensation under section 330 of the Code. In short, the court will give counsel the benefit of the doubt and try to bring this case to a close promptly.

The question that is left, then, is how to determine a reasonable fee for counsel without using the lodestar analysis usually required in cases involving court awarded attorney's fees. The court concludes that in the unusual circumstances in this case, it is appropriate to view the services provided as a whole and place a value on them. The court takes this approach reluctantly and with the understanding that this methodology is the rare exception and not the rule.

■ In this case, counsel's service consisted of assisting the trustee in obtaining possession of and selling some equipment

---

1. In requesting $765.00 rather than $815.00, Wessel recognizes that its lodestar would otherwise exceed the amount available in the estate for distribution.

2. Application, Exhibit "A" (services performed 11/21/83).

3. *Id.* (services performed 10-11-83, 11-7-83). *See In re Meade Land Development Corp.,* 527 F.2d 280, 285 (3d Cir.1975); *In re Shades of Beauty, Inc.,* 56 B.R. 946 (Bankr.E.D.N.Y.1986).

*Cf. Ursic v. Bethlehem Mines,* 719 F.2d 670, 677 (in related context, court observes "[a] Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn").

4. Application, Exhibit "A" (services performed 10-4-83). *See In re Bible Deliverance Evangelistic Church,* 39 B.R. 768 (Bankr.E.D.Pa.1984) (hours disallowed where activities "lumped" together).

of the debtor which resulted in the collection of $900.00 for the estate. Counsel's activity appears to have consisted primarily of sending four or five letters, preparing a few simple, routine filings for the court and attending two routine hearings. After reviewing the record in the case, the court concludes that a reasonable fee for counsel's services is $485.00. *Compare Institutionalized Juveniles v. Secretary of Public Welfare*, 758 F.2d 897 (3d Cir.1985) (significant consideration in award of fees is result obtained by counsel) *with Ursic v. Bethlehem Mines*, 719 F.2d 670 (3d Cir. 1983) (significant consideration in award of fees is the stakes involved in the litigation). *See also In re Ferkauf*, 56 B.R. 774 (S.D.N. Y.1985); *In re AOV Industries, Inc.*, 43 B.R. 468 (D.D.C.1984).

An Order consistent with this memorandum will be entered.

### ORDER

AND NOW, this 31 day of October, 1986, upon consideration of the application of Wessel & Carpel, attorneys for the trustee, for compensation and the trustee's first and final account, it is hereby ORDERED that:

1. Wessel and Carpel are allowed the sum of $485.00 as compensation as attorney for the trustee for the estate of the above debtor.

2. The trustee shall promptly distribute the property of the estate in accordance with 11 U.S.C. § 726 or, in his discretion, seek authority to abandon the property in accordance with 11 U.S.C. § 554.