In re J.A. & L.C. BROWN CO.,
INC., Debtor.

Bankruptcy No. 83–04416G.

United States Bankruptcy Court,
E.D. Pennsylvania.

March 19, 1987.

Donald M. Collins, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for trustee, Fred Zimmerman.

Harry Agrizian, Levittown, Pa., for debtor, J.A. & L.C. Brown Co., Inc.

## MEMORANDUM

BRUCE FOX, Bankruptcy Judge:

On November 4, 1986, counsel for the trustee, Stradley, Ronan, Stevens & Young

("Stradley"), filed an application for final allowance of compensation and expenses in this chapter 7 case. Stradley requested allowance of $5,980.00 in fees and $54.67 in expenses. On January 15, 1987, the court entered an order approving $4,211.50 in counsel fees and the $54.67 in requested expenses. The docket reflects that the January 15, 1987 order was served by the Clerk's office on the day it was entered.

Presently before me is Stradley's motion to amend judgment pursuant to Bankr. Rule 9023 and Fed.R.Civ.P. 59(e). The motion will be denied.

■ Initially, I find that Stradley's motion should be denied as untimely. Fed.R. Civ.P. 59(e) requires that a motion to alter or amend judgment "shall be served not later than 10 days after the entry of the judgment." This time deadline cannot be extended. *See* Fed.R.Civ.P. 6(b). In this case, the order was entered on January 15, 1987. The motion was not served on interested parties until February 4, 1987, twenty days after the entry of the order. (*See* Stradley's Certification of Uncontested Motion. ¶ 2). The decisions in this Circuit make clear that failure to serve a Rule 59 motion within the prescribed ten day period divests the court of the power to modify its order under Rule 59(e). *See Brest v. Philadelphia Transportation Co.,* 273 F.2d 22 (3d Cir.1959); *John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co.,* 239 F.2d 815 (3d Cir.1956); *Kruse v. Zenith Radio Corp.,* 82 F.R.D. 66 (W.D.Pa.1979); *Mroz v. Dravo Corp.,* 293 F.Supp. 499 (W.D.Pa.1968), *aff'd,* 429 F.2d 1156 (3d Cir. 1970); *In re The Campfire Shop, Inc.,* 71 B.R. 521 (Bankr.E.D.Pa.1987).[1] *See also Parks v. "Mr. Ford",* 68 F.R.D. 305

(E.D.Pa.1975), *rev'd on other grounds,* 556 F.2d 132 (3d Cir.1977).

Even if I were to treat Stradley's motion as a motion for relief under Rule 60(b), *see* 7 J. Moore, *Federal Practice* ¶ 60.18[8], at 60–138 to 60–139 (2d ed. 1985), I would not modify the January 15, 1987 order.[2]

■ In evaluating Stradley's fee application, my task has been to determine the "reasonable compensation for actual, necessary services rendered" by counsel. 11 U.S.C. § 330(a)(1). The court has this duty to evaluate the reasonableness of the fees requested even if there are no objections by parties in interest. *Matter of Liberal Market,* 24 B.R. 653, 657 (Bankr.S.D.Ohio 1982). As I previously explained in the context of reviewing the compensation sought by insider corporate officers of a debtor:

It is well established that the bankruptcy court has a duty to evaluate the reasonableness of compensation under sections 327 and 330 independent of any objection voiced by a party in interest. *In re Holthoff,* 55 B.R. 36, 39 (Bankr.E. D.Ark.1985); *In re Thomas,* 43 B.R. 510 (Bankr.D.Mass.1984). As one court has stated, "the supervision of professional fees is essential to the operation of the bankruptcy laws, integral to the bankruptcy system and required by the Bankruptcy Code." *Matter of Daylight Transport, Inc.,* 42 B.R. 20, 21 (Bankr.E. D.N.Y.1984).

... Court supervision under sections 327 and 330 fosters preservation of the debtor's assets for the benefit of creditors.

"In bankruptcy cases, fees are not a matter for purely private agreement

---

1. The decisions cited in the text other than *In re The Campfire Shop,* were decided under Rule 59(b), involving motions for new trial. However, the ten day service requirement under Rules 59(b) and 59(e) are identical and there is no reason to reach a different result under the latter subdivision of the rule.

2. It is difficult to determine which subsection of Rule 60(b) would apply to Stradley's motion. The motion does no more than paraphrase the averments of the initial application for compensation. As a result, I understand Stradley to be

seeking relief from the prior order on the ground of judicial error. *See generally* 7 J. Moore, *Federal Practice* ¶ 60.22[3] (2d ed. 1985). There is some doubt whether this motion should even be considered under Rule 60(b). "[W]hen a motion can fairly be characterized as one under Rule 59(e) (*i.e.,* lacking any special circumstances justifying relief under Rule 60(b)) it must be filed within the 10–day period and will not be treated as a motion under Rule 60(b)(1)." *Id.* at 60–187 to 188 (footnote omitted).

... because every dollar paid ... correspondingly depletes the fund available to creditors."

*Cohen & Thiros, P.C.,* 44 B.R. 570, 572 (N.D.Ind.1984). Moreover, excessive expenses may jeopardize the debtor's rehabilitation. *Matter of Daylight Transportation, Inc.,* 42 B.R. at 22.

*In re Athos Steel and Aluminum, Inc.,* 69 B.R. 515, 15 BCD 455, 458 (Bankr.E.D.Pa. 1987).

■ That this case may present a situation where the estate contains a surplus of funds does not alter my obligation to review this application by the trustee's counsel for fees for a variety of reasons. First, I find no statutory exception for chapter 7 cases in which the estate contains a surplus to the requirement that all professional fees are subject to court approval. Second, the surplus itself may be available to pay postpetition interest to those creditors who have filed claims, *see* 11 U.S.C. § 726(a)(5), and those creditors who might file claims. *See* Bankr. Rule 3002(c)(6). Third, a debtor may not object to the trustee's counsel's request for compensation for reasons unrelated to the reasonableness and propriety of the fees sought. For example, the debtor may not realize that certain activities of counsel are not compensable. Therefore, in order to protect the integrity of the bankruptcy system, to afford fairness to all parties and to comply with Code requirements, counsel's application for fees is always subject to court scrutiny.

In my initial review of the Stradley application, I awarded the attorneys of the Stradley firm compensation at the hourly rates requested.[3] However, I did not allow compensation for all of the hours expended as set forth in the application. The reductions made fell into five main categories. No hours were allowed for time spent preparing the fee application.[4] *See In re Alan I.W. Frank Corp.,* 71 B.R. 585 (Bankr. E.D.Pa.1987). Time was disallowed for activities which appear to have been within the scope of the trustee's duties.[5] *See, e.g., In re Locke Shoppe,* 67 B.R. 74, 75 & n. 3 (Bankr.E.D.Pa.1986); *In re Shades of Beauty, Inc.,* 56 B.R. 946, 949–50 (Bankr.E. D.N.Y.1986). Certain entries were disallowed due to lack of specificity in describing the legal work performed.[6] *In re Horn & Hardart Baking Co.,* 30 B.R. 938 (Bankr.E.D.Pa.1983); *accord, In re WHET, Inc.,* 58 B.R. 278, 281–83 (Bankr.D.Mass. 1986); *In re Shades of Beauty, Inc.,* 56 B.R. at 950. Modest deductions were assessed for time spent on intra-office conferences. *See In re Alan I.W. Frank Corp.,* 71 B.R. at 586 & n. 1. Finally, the compensation for the estimated time to be expended in closing the case was reduced by one-half.

■ In presenting its fee request and the instant motion, Stradley has placed great emphasis on the results achieved by the trustee in this chapter 7 case. I do not question that counsel's services made a substantial contribution to the favorable outcome of this case. Nevertheless, it is my obligation to evaluate the fee application in accordance with the judicial standards enunciated under section 330 of the Bankruptcy Code. The January 15, 1987 order awarding counsel fees and expenses [7]

---

**3.** Gillian C. Facher, a paralegal with the firm, was awarded compensation at $50.00 per hour rather than the $55.00 per hour requested. *See Daggett v. Kimmelman,* 811 F.2d 793, 799–800 (3d Cir.1987).

**4.** *E.g.,* Time records of Donald M. Collins, Esquire (entry dated May 6, 1985); Time records of Gillian C. Facher (entries dated October 1, 2, 27, 28 1986).

**5.** *E.g.,* Time records of Gillian C. Facher (entries dated July 19, August 22, September 19, 1985).

**6.** *E.g.,* Time records of Donald M. Collins, Esquire (entries dated August 15, 1985); Time records of David Corujo (entry dated May 31, 1985).

**7.** The application did not indicate whether any of the expenses related to preparation of the fee application, which is a non-compensable activity. Thus, it is within my province to disallow the request for reimbursement of expenses until Stradley provides further documentation. *See In re Paolino,* 71 B.R. 576, 582, 585 (Bankr. E.D.Pa.1987). However, not having done so in initially ruling on the fee request, I will not penalize Stradley for seeking reconsideration by doing so now.

resulted from the exercise of my judgment and discretion. Upon further review of the application and Stradley's motion, I am convinced that no grounds exist for any modification of the order.[8]

For these reasons, Stradley's motion will be denied.

---

8. I note also that prior to this latest application for compensation, Stradley previously was allowed interim compensation in the amount of $10,88.00. (*See* Order entered July 29, 1985). Thus, Stradley's total compensation in this case is close to $15,000.00. In light of the size of the estate in this case, (approximately $140,000.00), the nature of the services performed by counsel for the trustee and the results achieved, I believe that the total compensation allowed is reasonable and fair.