Gene **SOUTHERLAND,**
**Plaintiff–Appellee,**

v.

**INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION, LOCAL 8, Defendant–Appellant.**

No. 85–4428.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 1987.

Decided Dec. 15, 1987.

As Amended on Denial of Rehearing
and Rehearing En Banc
April 27, 1988.

Frank Pozzi and Robert K. Udziela, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., for defendant-appellant.

Michael L. Rosenbaum, Rosenbaum & Simmons, Portland, Or., for plaintiff-appellee.

Before SNEED and HALL, Circuit Judges, and LEGGE,[*] District Judge.

LEGGE, District Judge:

## FACTS

Plaintiff and appellee Gene Southerland sued the defendant and appellant union under the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 411 and 412. Plaintiff sought compensatory and punitive damages for lost wages, alleging that the union had violated his due process rights in suspending him for a disciplinary violation.

The district court found that the union had violated plaintiff's due process rights, but held that plaintiff had failed to establish any compensable injury. The district court therefore granted a directed verdict and entered judgment for defendant. Plaintiff appealed. In an unpublished opinion, this court affirmed the determination that plaintiff was not entitled to damages, but remanded for the district court to determine whether plaintiff was nevertheless entitled to recover the attorneys' fees he incurred by bringing this action under section 412.

On remand, plaintiff requested $22,311 in attorneys' fees. The district court held that plaintiff was entitled to an award of fees, and set the award at $11,155.50. The union now appeals that award.

---

[*] Honorable Charles A. Legge, United States District Judge, Northern District of California, sitting by designation.

## ISSUES

The union raises two principal issues on appeal:

1. Whether the district court erred in finding that plaintiff had conferred a benefit on the union's members, so as to justify an award of attorneys' fees.

2. Whether the district court abused its discretion in deciding that $11,155.50 was the reasonable amount of fees.

## DISCUSSION

### I.

■ 29 U.S.C. § 412 does not expressly provide for an award of attorneys' fees. However, the "substantial benefit" principle permits the recovery of attorneys' fees under that section. The "substantial benefit" principle is based on the premise that a successful plaintiff should be able to spread the costs of his litigation among those who benefited from the successful outcome. *Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973); *Mills v. Electric Auto–Lite Co.*, 396 U.S. 375, 391–92, 90 S.Ct. 616, 625–26, 24 L.Ed. 2d 593 (1970). Reimbursement of a plaintiff's costs and attorneys' fees "shifts the costs of litigation to 'the class that has benefited from them and that would have had to pay them had it brought the suit.'" *Hall*, 412 U.S. at 9, 93 S.Ct. at 1948, *quoting Mills*, 396 U.S. at 397, 90 S.Ct. at 628.

■ *Mills* and *Hall* used a two-factor test, allowing a plaintiff to recover his attorneys' fees (1) if the litigation conferred a substantial benefit on the members of an ascertainable class, and (2) if the court's jurisdiction over the subject matter makes possible an award that will operate to spread the costs proportionately among the class. *Hall*, 412 U.S. at 5, 93 S.Ct. at 1946; *Mills*, 396 U.S. at 393–94, 90 S.Ct. at 626–27.

In *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 264–65, n. 39, 95 S.Ct. 1612, 1625–26, n. 39, 44 L.Ed.2d 141 (1975), the Supreme Court reaffirmed the "substantial benefit" principle of *Hall* and *Mills*, but used a three-factor test to determine when an award of fees is appropriate. The court explained that the substantial benefit principle contained three characteristics: (1) the class of beneficiaries is "small in number and easily identifiable;" (2) "[t]he benefits could be traced with some accuracy;" and (3) the costs could be shifted "with some exactitude" to those who actually benefited from the litigation. *Id.*

This court has followed the *Alyeska* approach in numerous cases not arising under the LMRDA. *See, e.g., B.P. North America Trading v. Vessel Panamax Nova*, 784 F.2d 975, 977–78 (9th Cir.1986) (reversing an award of attorneys' fees in an admiralty case as there was no class of beneficiaries who could share the pecuniary award), *cert. denied*, —— U.S. ——, 107 S.Ct. 175, 93 L.Ed.2d 111 (1986); *In re Hill*, 775 F.2d 1037, 1041 (9th Cir.1985) (denying fees in an immigration case because requiring government to pay fees would not shift costs to benefited class); *Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1122–23 (9th Cir.1981) (denying award because class of all Oregon taxpayers was too broad to qualify as an identifiable class). *See also, Cantwell v. County of San Mateo*, 631 F.2d 631, 639 (9th Cir.1980) (denying fees where beneficiaries could not be identified and costs could not be shifted with exactitude), *cert. denied*, 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981); *Stevens v. Municipal Court*, 603 F.2d 111, 112–13 (9th Cir.1979) (denying fees under common benefit exception for failure to satisfy *Alyeska* criteria).

In cases brought under the LMRDA, however, this court continues to adhere to the two-factor test of *Hall*, even after the Supreme Court's *Alyeska* decision. Shortly after *Alyeska* was decided, this court explained:

> The recent Supreme Court decision, *Alyeska Pipeline Service Co. v. Wilderness Society*, [citation omitted] does not overrule *Hall*. In view of the great factual similarity between the instant case and *Hall*, our decision is not affected by *Alyeska*.

*Ross v. International Brotherhood of Electrical Workers,* 544 F.2d 1022, 1025 (9th Cir.1976). *See, Rollison v. Hotel, Motel, Restaurant, Etc.,* 677 F.2d 741, 747–48 (9th Cir.1982); *Bise v. International Brotherhood of Electrical Workers,* 618 F.2d 1299, 1306 (9th Cir.1979), *cert. denied,* 449 U.S. 904, 101 S.Ct. 279, 66 L.Ed.2d 136 (1980); *see also, Vincent v. Hughes Air West, Inc.,* 557 F.2d 759, 768–69 n. 7 (9th Cir.1977).[1]

The union's argument here is based on the *Alyeska* "tracing" requirement, and essentially asks this court to adopt the *Alyeska* test in cases arising under 29 U.S.C. § 412. The union then argues that the award of fees must be reversed because plaintiff has not and cannot trace the benefits to either the union or its members.[2] The district court did not view *Alyeska* as applicable to this case and did not require plaintiff to trace the benefits conferred.

As stated, this court has continued to use the two-factor test of *Hall,* even after *Alyeska.* Appellant has not shown any reason why that test should be changed now. Indeed, *Alyeska's* test is not necessarily inconsistent with *Hall,* and in union membership cases the "tracing" requirement may exist as a matter of law. Such a reading of *Alyeska* has been adopted by the Third and District of Columbia Circuits.

*Brennan,* 554 F.2d at 600–01; *Usery,* 543 F.2d at 382. This court concurs in the continued application of the *Hall* test.

Even under *Hall,* the union then argues that the district court erred in finding that plaintiff had conferred a substantial benefit on the union or its members. The union contends that the district court's finding was inadequate and that there was insufficient evidence to support its finding.

■ We must first note that this court consistently has used the term "valuable service" as a synonym for "substantial benefit." *See, e.g., Ross v. International Brotherhood of Electrical Workers,* 544 F.2d 1022, 1025 (9th Cir.1976), *Rollison v. Hotel Employees, Local 879,* 677 F.2d 741, 747–48 (9th Cir.1982); *Bise v. International Brotherhood of Electrical Workers,* 618 F.2d 1299, 1306 (9th Cir.1979), *cert. denied,* 449 U.S. 904, 101 S.Ct. 279, 66 L.Ed.2d 136 (1980). Both the district court and the previous panel used "valuable service" in this manner.

We review a finding of "valuable service" under the "clearly erroneous" standard. *Rollison,* 677 F.2d at 748; *Bise,* 618 F.2d at 1306.[3]

The district court found:

The plaintiff has conferred a valuable service on the union members in success-

---

**1.** At least one circuit has applied the *Alyeska* test to labor cases. *Brennan v. United Steelworkers of America,* 554 F.2d 586, 604–05 (3d Cir.1977) (applying *Alyeska* in suit to secure free union elections), *cert. denied,* 435 U.S. 977, 98 S.Ct. 1627, 56 L.Ed.2d 71 (1978); *but compare, Usery v. Local No. 639, International Brotherhood of Teamsters,* 543 F.2d 369, 382 (D.C.Cir.1976) (explaining that award of fees under *Hall* rationale "remains undisturbed" after *Alyeska* ), *cert. denied,* 429 U.S. 1123, 97 S.Ct. 1159, 51 L.Ed.2d 573 (1977).

**2.** The presence of the other two *Alyeska* factors—an identifiable class of beneficiaries and the ability to shift costs with exactitude—is not contested by the union.

**3.** Because we base our decision on the substantial benefit rule, a judicially created basis for an award of attorneys' fees, we properly apply the "clearly erroneous" standard of review of the predominantly factual finding of "valuable service."

*Zamora v. Local 11,* 817 F.2d 566, 571 (9th Cir.1987), suggests that *de novo* review is the

proper standard for reviewing an award of attorney's fees in cases involving § 412. However, *Zamora* is distinguishable on two grounds. First, *Zamora* involved a determination whether the "relief" language of § 412 *itself* allowed an award of attorney's fees. *Cf. Vandeventer v. Local Union No. 513,* 579 F.2d 1373, 1380 (8th Cir.1978); *accord Local 17 v. Young,* 775 F.2d 870, 873 (7th Cir.1985). Second, in *Zamora,* there was no reason given for the district court's denial of attorneys' fees. The normal deference given under the "clearly erroneous" standard of review was not possible because the district court may have misapplied the law governing awards of attorney's fees. *De novo* review of the applicable law was proper, followed by an instruction to the district court to apply its discretion regarding the actual amount of the award. *Cf. Perry v. O'Donnell,* 759 F.2d 702, 704 (9th Cir.1985) (interpretation of exceptions to the American rule is a legal question, but whether to award legal fees is within discretion of the trial court).

fully asserting his procedural due process rights in the suspension process. As such, he is entitled to recover attorney fees. While there is no direct proof that this action affected any particular individual other than the plaintiff, heightened attention to procedural due process in a group setting benefits all of the members of the group who are entitled to the same safeguards.

The union contends that this court's earlier order required a finding of "substantial benefit" as a prerequisite to a fee award and that the quoted finding by the district court is inadequate. However, as we have noted, this court uses "valuable service" as a synonym for "substantial benefit." Our earlier order specifically used the term "valuable service." The district court expressly found that union members did receive a "valuable service" from Southerland's suit, referred to the order of remand, and cited and applied *Hall* and *Mills* in making the award. The court applied the proper legal standard.

■ The union also argues that there was insufficient evidence to support the district court's finding of substantial benefit. The court did not hold a hearing after the remand, but instead determined the attorneys' fees issues on briefs and affidavits, and apparently on the record of the trial. However, the affidavits did not provide a factual record for deciding the issue of substantial benefit, and the transcript of the trial is not before this court. This court therefore cannot determine whether there was sufficient evidence to support the district court's finding. Therefore, we must remand the issue to the district court for a hearing on the issue of substantial benefit.

## II.

The district court's determination of the amount of the award is reviewed by this court under an abuse of discretion standard. *Jordan v. Multnomah County*, 815 F.2d 1258, 1261 (9th Cir.1987).[4]

The union makes several arguments regarding the amount of the award. It argues that the findings of the district court were not sufficient to allow meaningful review by this court. The union also contends that plaintiff's showing is inadequate, because the claim for fees was not properly documented and because duplicative and unnecessary hours were not deleted. The district court's findings are necessarily interrelated with plaintiff's evidentiary showing but, for purposes of the present discussion, the two arguments will be addressed separately.

### A.

The union challenges the sufficiency of the district court's findings, claiming that they do not allow meaningful review by this court. Although the district court has discretion to determine the amount of the fee award, the Supreme Court has emphasized that

[i]t remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award.

*Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).

■ The starting point for an award of attorneys' fees is to multiply the number of hours reasonably spent on the case by a

4. The union urges this court to *strictly* scrutinize plaintiff's submission, citing *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir.1984), and *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945 (1st Cir.1984). Both *Sealy* and *Grendel's Den*, however, were exceptional cases where the appellate courts explained why heightened scrutiny was warranted. *Sealy*, 743 F.2d at 1385 n. 3 (district court's findings reviewed with special scrutiny because of "regrettable practice" of adopting proposed findings wholesale); *Grendel's Den*, 749 F.2d at 950 (more searching scrutiny necessary because of "[t]he absence of con-temporary time records, in conjunction with extraordinarily high hourly rates and claims for time spent in the most punctilious appellate research and preparation"). As there is nothing in the record to require such searching appellate scrutiny in the present case, this court reviews the district court's fee award under the usual abuse of discretion standard. *Sealy*, 743 F.2d at 1384; *Grendel's Den*, 749 F.2d at 950; *accord*, *Stanford Daily v. Zurcher*, 64 F.R.D. 680, 681 (N.D.Cal.1974), *aff'd*, 550 F.2d 464 (1977), *rev'd on other grounds*, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978).

reasonable hourly rate. *Pennsylvania v. Delaware Valley Citizen's Council,* 478 U.S. 546, 106 S.Ct. 3088, 3097–98, 92 L.Ed. 2d 439 (1986); *Miller v. Los Angeles County Board of Education,* 827 F.2d 617, 621 (9th Cir.1987). This is an objective basis for valuing services. *Pennsylvania,* 106 S.Ct. at 3097. The district court performed this computation. However, a problem exists with the district court's determination of a reasonable hourly rate.

The evidence before the district court included counsel's contemporaneous time records. The time records listed entries indicating the time spent, the rate at which each attorney billed the time, and the activity on which each attorney was working. The district judge specifically found that the hours spent by counsel were reasonable.

We stated in *Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir.1987), that a critical inquiry in determining a reasonable attorneys' fee for purposes of 42 U.S.C. § 1988 is the reasonable hourly rate. We use identical factors in computing attorneys' fees in Title VII actions and in LMRDA actions, such as this one. *Rollison v. Hotel Employees, Local 879,* 677 F.2d 741, 748 (9th Cir.1982). There is no principled basis for applying different standards in § 1988 awards than in Title VII or LMRDA actions. Therefore, the following analysis in *Jordan* applies to this case:

> The prevailing market rate in the community is indicative of a reasonable hourly rate. The fee applicant has the burden of producing satisfactory evidence, *in addition to the affidavits of its counsel,* that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. If the applicant satisfies its burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be [a] reasonable fee....

Jordan v. Multnomah County, 815 F.2d 1258, 1261–63 (9th Cir.1987) (footnotes omitted) (emphasis supplied) (citing *Blum v. Stenson,* 465 U.S. 886, 895–97 & n. 11, 104 S.Ct. 1541, 1547–48 & n. 11, 79 L.Ed.2d 891 (1984)).

■ Although Southerland's counsel submitted affidavits stating his experience and that the rates claimed were reasonable, there is no evidence in the record that these rates were comparable with the prevailing rates in the community. The district judge simply recited the rates provided by Southerland's counsel and concluded they were reasonable. The district judge is in the best position to determine the reasonableness of a fee award, but in order for this appeal to be meaningful, the record must inform us of the basis for this conclusion. *See id.* at 1263.[5] Failure to provide evidence of prevailing legal rates in the community leaves a court with an insufficient basis from which to conclude that the rates requested are "reasonable." See *Jordan,* 815 F.2d at 1263 n. 9.

*Pennsylvania, Jordan,* and *Miller* had not been decided at the time of the district court's decision here, and that court quite justifiably relied on the check-list standard of *Kerr v. Screen Extras Guild,* 526 F.2d 67 (9th Cir.1975). We must nevertheless reverse the award of attorneys' fees and remand for redetermination of a reasonable fee in accordance with this opinion.

### B.

■ The union would deny plaintiff any award, on the ground that plaintiff's support of his fee request was inadequate as a matter of law. Total denial of fees because of poor documentation is "a stringent sanction, to be reserved for only the most severe of situations, and appropriately invoked only in very limited circumstances." *Jordan v. United States Department of Justice,* 691 F.2d 514, 518 (D.C.Cir.1982) (reversing district court order which had denied fees because of poor documenta-

---

5. The district court reduced the amount of its award because it concluded that Southerland achieved only partial success in its claims. Such a reduction is within the discretion of the

court. *Hensley v. Eckerhart,* 461 U.S. 424, 434–37, 103 S.Ct. 1933, 1939–41, 76 L.Ed.2d 40 (1982).

tion); *accord, Pawlak v. Greenawalt,* 713 F.2d 972, 978 (3d Cir.1983), *cert. denied,* 464 U.S. 1042, 104 S.Ct. 707, 79 L.Ed.2d 172 (1984).

After this court's remand, plaintiff submitted two briefs, two affidavits and time records in support of his request for attorneys' fees. The union argues that this documentation is inadequate. It also contends that the time records fail to properly identify the attorney whose time was billed (although plaintiff later corrected this deficiency). The records submitted by plaintiff's counsel are the contemporaneous records kept in the normal course of business. The district court was able to calculate the award based on those records. The documentation was not so poor as to warrant a complete denial of fees.

Relying on *Hensley,* 461 U.S. at 433–34, 103 S.Ct. at 1939, the union next argues that plaintiff did not properly exclude time spent that was unnecessary, duplicative, excessive, and otherwise not reasonably expended on the litigation.

The district court did not specifically exclude a certain number of hours for the reasons argued by the union. Although the district court's initial order stated that the union raised no specific challenges to the hours claimed by plaintiff, the court noted those challenges in its order denying the union's motion for reconsideration. The court specifically found, in both orders, that the number of hours expended was reasonable. It is apparent that the court addressed the number of hours as a key factor. It is not necessary that the court discuss each argument of the union in making that decision.

The district court also reduced the total hours claimed by plaintiff by fifty percent. The court said:

> In light of the limited yet substantial success of plaintiff in the results obtained, the court finds that it is appropriate to reduce the award of attorney fees by 50 percent.

The effect of such a reduction was greater than the specific challenges raised by the union.

This court concludes that the district court did not abuse its discretion in making these determinations.

The judgment of the district court is reversed, and the matter is remanded to the district court for (1) a redetermination of the issue of substantial benefit, and for (2) a redetermination of a reasonable fee if the district court finds that there was a substantial benefit.