In re George C. GIANULIAS and Katherine B. Gianulias dba Gianulias Realty and Gianulias Construction, Debtors.

Bankruptcy No. 288–00113–C–11.

United States Bankruptcy Court, E.D. California.

March 21, 1989.

W. Austin Cooper, Cooper & Shaffer, Sacramento, Cal., for Cooper & Shaffer.

## MEMORANDUM DECISION ON APPLICATION FOR COMPENSATION

CHRISTOPHER M. KLEIN, Bankruptcy Judge.

Counsel has applied for reasonable compensation for actual, necessary services as authorized by 11 U.S.C. § 330. The application is being denied without prejudice for failure to adduce competent evidence on reasonable hourly rates.

### FINDINGS OF FACT

Counsel was authorized to be employed pursuant to 11 U.S.C. § 327. At that time the court did not approve any specific rates for compensation on an hourly basis pursuant to 11 U.S.C. § 328(a). Instead, the question of reasonable compensation for actual, necessary services was left to subsequent determination.

The application is not supported by evidence of prevailing rates or by evidence of

the cost of comparable services in nonbankruptcy cases.

## CONCLUSIONS OF LAW

Compensation under section 330 in the Ninth Circuit implicates the "lodestar" factors that are applied in fee-shifting cases. *In re Manoa Fin. Co.*, 853 F.2d 687, 691–92 (9th Cir.1988); *In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir.1983); *cf. In re Nucorp Energy, Inc.*, 764 F.2d 655, 662 (9th Cir.1985).

It is essential to know both the number of hours reasonably spent and the reasonable hourly rate for the professional who provided the services in order to ascertain the appropriate compensation. The determination of the reasonable hourly rate under section 330 must take into account "the cost of comparable services other than in a [bankruptcy] case." 11 U.S.C. § 330. That necessitates a focus upon prevailing market rates.

The Ninth Circuit has a well-established body of law regarding the determination of prevailing market rates in the context of statutory fee awards. *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1386 (9th Cir.1988) (Fed.R.Civ.P. 37(b)(2)); *Southerland v. Int'l Longshoremen's Union, Local 8*, 834 F.2d 790, 795 (9th Cir. 1987) (LMRDA); *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir.1987) (42 U.S.C. § 1988); *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378 (9th Cir.1984) (trademarks); *Ellis v. Cassidy*, 625 F.2d 227, 231 (9th Cir.1980) (Title VII).

The Ninth Circuit has applied lodestar principles to determinations on enhancements of bankruptcy fees based upon a reasonable hourly rate multiplied by a reasonable number of hours. *In re Manoa Fin. Co.*, 853 F.2d at 687. It has opined

that the policies underlying statutory fee awards in bankruptcy cases closely parallel those expressed in other fee award statutes. *In re Nucorp Energy, Inc.*, 764 F.2d at 660. Indeed, the decision in *In re Nucorp* that permitted compensation for actual, necessary services rendered in connection with preparation and presentation of the fee application was predicated upon the foundation that bankruptcy fee applications must be at least as detailed as applications required for fee awards under other statutes. *Id.* at 658–59.

It follows that the Ninth Circuit's known body of law on the evidence that is needed to determine reasonable hourly rates for fee awards applies to such determinations under section 330. There is no principled reason for letting bankruptcy fee awards slip by on evidence that would be unacceptable for other statutory fee awards.[1]

The Ninth Circuit has reiterated that a fee applicant must provide evidence of prevailing rates in the community under the analysis enunciated in *Jordan:*

> The prevailing market rate in the community is indicative of a reasonable hourly rate. The fee applicant has the burden of producing satisfactory evidence, *in addition to the affidavits of its counsel,* that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. If the applicant satisfies its burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be [a] reasonable fee....

*Southerland,* 834 F.2d at 795, *quoting Jordan,* 815 F.2d at 1262–63 (citations omitted) (emphasis in original). This is, of course, an application of controlling Supreme

---

1. Bankruptcy fee applications differ from other fee applications in one vital respect—they lack natural enemies. Most other fee awards come out of the pocket of someone who has an incentive, and a predilection, to resist and to present evidence that rebuts the applicant's evidence. Bankruptcy fee applications are not as well served by the adversarial process because payment usually comes from the amorphous estate. Oppositions are uncommon.

The lack of adversarial interest in bankruptcy fees necessitates adjustments by courts in the way they handle them. Possible adjustments include assuring that applicants strictly comply with their burden of proof and taking judicial notice of other fee awards.

Court decisions. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

■ Thus, in addition to affidavits stating the experience of each professional who rendered the services and the rates claimed, there must be evidence in the record that the rates are comparable with prevailing rates in the community. And there must be evidence in the record of the cost in the community of comparable services other than in a bankruptcy case, as required by section 330. Although there is no question that bankruptcy fees are to be awarded at market-based rates, the burden is on the fee applicant to demonstrate the appropriate rate.

Evidence of prevailing legal rates in the community and of the cost of comparable services in nonbankruptcy cases should be from sources other than the opinion of the applicant. *See, e.g., Southerland,* 834 F.2d at 795; *Jordan,* 815 F.2d at 1263 n. 9. The applicant should, in addition, provide evidence of what the applicant receives for any nonbankruptcy services.

Without such evidence upon the record, it is difficult for a trial court to make an informed decision regarding reasonableness of the requested rates. Since there is no such evidence provided in connection with this application, it will be denied without prejudice.

An appropriate order will issue.