In re George C. GIANULIAS, Katherine B. Gianulias, Gianulias Realty, and Gianulias Construction, Debtors.

No. Civ. S–89–767 MLS.

United States District Court, E.D. California.

Dec. 5, 1989.

W. Austin Cooper, Mike Nakagawa, Sacramento, Cal., for appellant.

## MEMORANDUM OF DECISION AND ORDER

MILTON L. SCHWARTZ, Senior District Judge.

The appeal of Cooper & Shaffer, former attorney for one of the debtors herein, from an order of the bankruptcy court denying, without prejudice, an application for attorney's fees and expenses was argued on November 17, 1989.

## I. BACKGROUND

George and Katherine Gianulias initiated their joint case under Chapter 11 of the Bankruptcy Code by voluntary petition filed January 8, 1988. The bankruptcy court authorized the appointment of Cooper & Shaffer as attorney for Katherine Gianulias on June 15, 1988. At that time the court did not approve any specific rates for compensation on an hourly basis pursuant to 11 U.S.C. § 328(a). On March 2, 1989, the bankruptcy court granted Cooper & Shaffer's motion to withdraw as counsel and took under submission its application for final allowance of compensation. The application sought $26,609 in attorney's fees and $909.16 in costs. On March 21 the court denied the application, without prejudice, for failure to adduce evidence on reasonable hourly rates. Cooper & Shaffer subsequently brought this appeal, contending that the court did not have authority to compel production of such evidence.

## II. STANDARD OF REVIEW

■ A bankruptcy court's conclusions of law are reviewed *de novo*. *See In re Nucorp Energy Inc.*, 764 F.2d 655, 657 (9th Cir.1985). A bankruptcy court's award of attorney's fees will not be disturbed on appeal absent an abuse of discretion or an erroneous application of the law. *Id.* at 657; *See also Southwestern Media, Inc. v. Rau*, 708 F.2d 419, 422 (9th Cir.1983). An abuse of discretion may be found when the bankruptcy judge fails to apply the proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous. *In re U.S. Golf Corp.*, 639 F.2d 1197, 1201 (5th Cir.1981).

## III. ANALYSIS

### A. *Introduction:*

In his March 21, 1989 Memorandum Decision, Bankruptcy Judge Christopher Klein held that a bankruptcy attorney fee applicant must provide evidence of prevailing rates in the community and evidence of the cost in the community of comparable services other than in a bankruptcy case, 98 B.R. 27. According to Judge Klein it is difficult for a trial court to make an informed decision regarding reasonableness of the requested rates without such evidence upon the record. Since Cooper & Shaffer did not provide such evidence, the court denied its fee application without prejudice.

Appellant Cooper & Shaffer has submitted the following as issues on appeal:

1. Did the bankruptcy court err in denying Cooper & Shaffer's Application for Final Allowance of Compensation?

2. Did the bankruptcy court err in *sua sponte* requiring the applicant to present evidence of the cost in the community of comparable services other than in a bankruptcy case?

3. Did the bankruptcy court err in *sua sponte* requiring the applicant to submit evidence of prevailing rates in the community?

B. *Issue 1:* Did the bankruptcy court err in denying the fee application?

The Bankruptcy Code provision governing this issue is section 330 which provides in pertinent part the following:

[T]he court may award ... to the debtor's attorney—

(1) reasonable compensation for actual, necessary services ... based on the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

■ It is well settled that the burden is on the attorney claiming a fee in a bankruptcy proceeding to establish the value of his services. *In re U.S. Golf Corp.*, 639 F.2d at 1207, *citing Woods v. City National Bank & Trust Co.*, 312 U.S. 262, 268, 61 S.Ct. 493, 497, 85 L.Ed. 820 (1941); *In re Four Star Terminals, Inc.*, 42 B.R. 419, 429 (D.Ala.1984); *In re Coastal Equities, Inc.*, 39 B.R. 304, 310 (S.D.Cal.1984).

Bankruptcy courts frequently receive inadequate fee applications and bankruptcy judges have devised a number of ways to deal with the problem. In the case of *In re Coastal Equities*, 39 B.R. at 311, for example, some of the entries on the application failed to state with specificity how attorneys spent their time. The court denied five percent of the request, the amount represented by inadequate entries. The court in *In re Lock Shoppe, Inc.*, 67 B.R. 74 (E.D.Pa.1986), found the fee application deficient in several respects including a failure to set forth evidence on a reasonable hourly rate and a lack of detailed information to explain the nature of the work done. In order to arrive at a reasonable fee, the court decided to disregard the itemized entries in the application and to place its own value on the services provided.

■ The question before this court is whether, in response to a deficient application, the court may require that the fee application be supplemented and deny compensation in the interim. Appellant has presented no authority indicating that such a response constitutes either an abuse of discretion or an erroneous application of the law. On the contrary, it seems reasonable to allow trial court judges substantial flexibility in these circumstances. Such a position is consistent with the well settled rule that a bankruptcy judge has wide discretion in the awarding of attorneys' fees. *See, e.g., In re U.S. Golf Corp.*, 639 F.2d at 1208.

The court in *In re Lock Shoppe Inc.*, 67 B.R. at 75, considered a variety of responses to an incomplete application. The court assumed that due to the deficiencies, "[i]n particular the failure to provide the court with a basis to set an hourly rate, it is within the court's power to deny fees altogether, or, at a minimum, to require that the fee application be supplemented." This court need not address the propriety of denying fees altogether; it can, however; and does hold that it is not error to deny an application for final allowance of compensation for failure to provide adequate information when that denial is without prejudice.

■ C. *Issues 2 and 3:* Did the bankruptcy court err in requiring the applicant to submit evidence of prevailing rates in the community and evidence of the cost in the community of comparable services other than in a bankruptcy case?

Judge Klein's rationale for requiring such information is that under the language of section 330 of the Bankruptcy Code and pursuant to the Ninth Circuit's position as to what constitutes "reasonable" fees in statutory fee award cases, he is obligated to do so.

Under section 330, a bankruptcy court may award reasonable compensation for services rendered by an attorney based on "the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than in a case under this title."

Clearly, the debtor's attorney is required to produce some evidence to aid the court in determining what constitutes "reasonable compensation." It is not so clear what type of evidence, other than a detailed, itemized account of services rendered, is essential. Judge Klein's position is that the evidentiary standards which the Ninth Circuit has set forth in cases of statutory fee awards cases also govern the fee awards in bankruptcy cases.

There is a well established body of law in the Ninth Circuit regarding the determination of prevailing market rates in the context of statutory fee awards. The starting point for an award of attorneys' fees is to multiply the number of hours reasonably spent on the case by a reasonable hourly rate. *Southerland v. International Longshoremen's and Warehousemen's Union, Local 8*, 834 F.2d 790, 795 (9th Cir.1987). The prevailing market rate in the community is indicative of a reasonable hourly rate. The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. *Id.*

On several occasions the Ninth Circuit has relied on its holdings in the context of statutory fee awards to help it formulate a position on awards in bankruptcy cases. *See In re Manoa Finance Co.*, 853 F.2d 687 (9th Cir.1988); *In re Nucorp Energy Inc.*, 764 F.2d at 659–60; *In re Yermakov*, 718 F.2d 1465 (9th Cir.1983). This does not mean, however, that bankruptcy courts are bound by that body of law. The Ninth Circuit has pointed out that the differences in the two types of cases may justify different treatment:

> There are, however, also some notable differences between § 330 and the typical fee-shifting statute. Congress has expressed its intent that bankruptcy compensation be commensurate with that earned in comparable nonbankruptcy cases, while the usual fee-shifting statute is not intended to replicate exactly the fee an attorney would earn through a private fee arrangement with his client.

*In re Manoa Finance Co. Inc.*, 853 F.2d at 691.

Concluding that the bankruptcy court is not bound by law governing statutory fee awards does not dispose of this issue. The bankruptcy court still must contend with the language in section 330 requiring that fees be based on the value of the services and the cost of comparable services other than in a bankruptcy case. In enacting section 330(a), Congress sought to ensure that bankruptcy attorneys would not be paid less than their colleagues practicing in other areas of the law. Congress expressed its concern that if the field did not provide adequate compensation, bankruptcy specialists, who enable the system to operate smoothly, efficiently, and expeditiously, would be driven elsewhere. H.Rep. No. 95–595, 95th Cong., 1st Sess. 329–30 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5963, 6286.

Despite the statutory language and the clear intent of Congress as expressed in the legislative history, appellant claims the bankruptcy court erred in requiring submission of evidence as to prevailing rates in the community and the cost in the community of comparable services other than in a bankruptcy case. It contends that the bankruptcy court's decision requires that a law firm applying for compensation submit affidavits from counsel outside the firm. Appellant believes that the exchange of such information in compliance with the court's order exposes fee applicants to criminal prosecution for fee fixing under 18 U.S.C. § 155 and to liability under federal antitrust laws.

Under Title 18 of the United States Code attorneys may not knowingly and fraudulently enter into any agreements, expressed or implied, for the purpose of fixing compensation to be paid in a bankruptcy case. 18 U.S.C. § 155. Any attorney found to have entered into such an agreement may be fined or imprisoned or both. *Id.*

Appellant, as well as several other local attorneys who have submitted amicus briefs in this matter, assumes that if the

bankruptcy court's decision is allowed to stand the process of exchanging affidavits inevitably will occur. Because of the need to obtain such declarations in many cases, it is foreseeable that declarations between the same attorneys will be exchanged numerous times. The concern is that the United States Attorney may argue that such an exchange of information constitutes an implicit agreement between such counsel to fix the fees charged in particular cases.

Liability for violations of antitrust law is another concern. Section 1 of the Sherman Act prohibits contracts, combinations, or conspiracies in restraint of trade. 15 U.S.C. § 1. The exchange of price information among competitors has been held to be a violation of this act where that exchange results in a stabilization of prices, even at a downward level.[1] *United States v. Container Corp. of America*, 393 U.S. 333, 89 S.Ct. 510, 21 L.Ed.2d 526 (1969).

Assuming Judge Klein's order required submission of affidavits from outside counsel, appellant's argument would be persuasive. But this court does not find that the decision imposes such a burden. Judge Klein held that bankruptcy fees are to be awarded at market-based rates and that the burden is on the fee applicant to demonstrate the appropriate rate. To satisfy the burden, Judge Klein requires "evidence of prevailing legal rates in the community and of the cost of comparable services in nonbankruptcy cases." In addition such evidence should be from sources other than the opinion of the applicant. Nowhere in the opinion does Judge Klein state that such evidence must be in the form of affidavits from outside counsel.

Thus if appellants are concerned about potential liability for price exchanging, they should seek other ways to comply with Judge Klein's request. Certainly local law firms would have access to bankruptcy court decisions in which prevailing community rates are discussed. Perhaps the local bar association publishes surveys on local

fees. Judge Klein himself has written an opinion where he set out the fees charged by sophisticated business lawyers in the Sacramento community. "Partners generally bill between $125 to $200 per hour. Rates in excess of $150 per hour tend to be reserved for the best attorneys. The top rate is typically below $200 per hour. Associates, and other lawyers of comparable experience and ability, typically bill between $85 to $125 per hour." *In re Convenience Video Movies Inc.*, No. 288–00224, September 18, 1989.

## IV. CONCLUSION

Because an attorney bears the burden of proof in establishing what constitutes a reasonable fee, and because the bankruptcy court has wide discretion in the award of fees, the bankruptcy court did not err in denying Cooper & Shaffer's application without prejudice for failure to adduce sufficient evidence on "reasonableness."

Section 330 requires a bankruptcy court to base its compensation to attorneys on the value of their services and the prevailing rates in the community for comparable nonbankruptcy work. It is neither an abuse of discretion nor an erroneous application of the law to require evidence as to both those matters.

This court recognizes that requiring attorneys to submit affidavits from outside counsel each time they seek an award of fees from the bankruptcy court could be unduly burdensome. But Judge Klein has not issued such an order. Given that his request is for information, as opposed to affidavits, this court finds that it does not constitute reversible error.

In light of the foregoing, the Order Denying Application for Final Allowance of Compensation to Attorneys for Services Rendered and Expenses Paid is AFFIRMED.

---

1. Exchange of price information will not necessarily constitute a restraint on trade and a violation of the Act, however. *See Krehl v. Baskin–* *Robbins Ice Cream Co.*, 664 F.2d 1348 (9th Cir. 1982).