42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger MORSE, Plaintiff,
v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY, Defendant.
Thomas D. PETERSON-MORE, Appellant,
v.
William WRIGHT, Appellee.
 No. 93-15873.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Nov. 16, 1994.
 
 1
 Before: SCHROEDER and RYMER, Circuit Judges, and DWYER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Thomas D. Peterson-More, an attorney at law, appeals the district court's assessment against him of $4,000 as attorney fees, and $162 as expense reimbursement, as sanctions for his abusive conduct at a deposition. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 Peterson-More was counsel for the plaintiff, Roger Morse, in a personal injury action brought against Southern Pacific Transportation Company under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. Secs. 51-60. The FELA case was ultimately settled and dismissed. Before the settlement was reached, Peterson-More took the deposition of William Wright, a witness to the plaintiff's accident. The record shows that Peterson-More engaged in repeated and extended abusive conduct at the deposition: interrupting opposing counsel, raising meritless argumentative objections, badgering the witness through dozens of pages of the transcript, and threatening without justification to adjourn the deposition and subject the witness to a motion to compel. Wright finally announced that he was leaving, and did so.
 
 
 5
 Wright later retained counsel, Tom R. Clark, who wrote to Peterson-More asking that the deposition be terminated. Thirteen days later, having received no answer from Peterson-More, Clark moved in Wright's behalf for a protective order and for sanctions. The district court, after reviewing the record including the deposition transcript, and after hearing argument of counsel by telephone, ordered the deposition concluded, found that Peterson-More's conduct had been an abuse of the deposition process, and ruled that sanctions would be awarded in the amount of Clark's reasonable attorney fees and expenses. The court directed Clark to compute these items and send a copy to Peterson-More, who would have five days to file any objection. Clark then filed a "Notice of Fees and Expenses" claiming fees in excess of $6,000, plus expenses. Apparently through oversight, the district court decided the matter four days later, before Peterson-More's time to object had expired. The court reduced the fee request by more than one-third, awarding $4,000 in attorney fees and $162 in expenses. Peterson-More's objections arrived after the order was entered; a timely notice of appeal followed.
 
 
 6
 Peterson-More argues, first, that Wright lacked standing to seek a protective order because no motion to compel further deposition testimony had been filed. But the record shows that Peterson-More had announced his intention to file such a motion, and had not responded to Clark's letter asking that the deposition be terminated. A live issue was presented to the district court for decision, and the case-or-controversy requirement of U.S. Const., Art. III, Sec. 2, is met.
 
 
 7
 The district court's imposition of sanctions, and determination of the amount of an attorney fee award, are reviewed for abuse of discretion. See In re Rubin, 769 F.2d 611, 615 (9th Cir.1985); Southerland v. Internat'l Longshoremen's, Local 8, 834 F.2d 790, 794 (9th Cir.1987). Peterson-More's conduct at Wright's deposition was clearly sanctionable. Fed.R.Civ.P. 26(c) gives the court broad discretion to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Thus, "a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule." 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil, Sec. 2306, at p. 269 (1984). The district court acted within the limits of its discretion in holding a hearing, finding that a sanction should be imposed, and selecting Wright's reasonable attorney fees and expenses as the measure of the sanction.
 
 
 8
 Because the motion papers below were served by mail, Fed.R.Civ.P. 6(e) entitled Peterson-More to three additional days to respond, beyond the five days set by the court. He timely filed his objections but by then the order awarding sanctions had been entered. At oral argument in this court, counsel for the parties commendably entered a stipulation designed to avoid the delay and expense of a remand. They stipulated that, if the district court's order were to be upheld in all other respects, this court should review Peterson-More's objections and make a final and binding decision as to the amount of the sanctions. We have reviewed the objections and find nothing in them that should change the outcome. The district court, familiar with the market value of legal work done locally, reduced the amount applied for substantially, and awarded a reasonable fee based upon reported hours of work done. In our judgment the award is reasonable as to both fees and expenses, and there is no reason to disturb it.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable William L. Dwyer, District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3