**Rita A. TOTH, Plaintiff–Appellant,**

**and**

**Sondra J. Thornally, Esq., Claimant–Appellant,**

**v.**

**TRANS WORLD AIRLINES, INC., Defendant–Appellee.**

**No. 87–2291.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 1988.

Memorandum Aug. 11, 1988.

Decided Dec. 8, 1988.

Marshall W. Krause, Larkspur, Cal., and Sondra J. Thornally, San Francisco, Cal., for plaintiff-appellant.

Sara A. Simmons, San Francisco, Cal., for defendant-appellee.

Before BROWNING, HUG, and TROTT, Circuit Judges.

TROTT, Circuit Judge:

Rita A. Toth and her attorney, Sondra J. Thornally, appeal from an order of the U.S. District Court for the Northern District of California, Samuel Conti, District Judge, dismissing their action with prejudice pursuant to Fed.R.Civ.P. 37(b)(2)(C), 41(b), and Local Rules 100-3 and 235-10, and holding appellants jointly liable to pay TWA $15,288.25 in costs and attorney's fees incurred as a result of their disobedience to the District Court's orders, pursuant to Fed.R. Civ.P. 11, 37(b)(2), and Local Rules 100-3 and 235-2. Appellants raise several issues on appeal, only one of which has merit.

## I.

### FACTUAL BACKGROUND

This action arose out of injuries appellant Toth allegedly sustained on May 29, 1982, while she was a passenger aboard a TWA airplane. During the flight, a bag apparently fell from an overhead luggage compartment when it was opened by a fellow passenger, and struck Toth while she was sitting in her seat. As the ensuing facts illustrate, however, more than luggage was to come down upon Toth's head.

On June 3, 1982, five days after the luggage incident, Toth resigned her job with the Bank of America. Prior to this resignation, she had not sought medical attention for the injuries allegedly sustained on the flight.

Toth filed suit against TWA and Doe defendants on May 26, 1983, and sought damages for medical expenses and wage loss. Throughout the entire course of her action, Toth was represented by appellant Thornally. On June 1, 1983, Toth filed another suit, this time against the Bank of America, alleging constructive wrongful discharge and seeking damages for emotional distress and wage loss. She was similarly represented in that suit by Thornally.

#### A. Action in the State Courts

In October 1984, appellants served TWA with a set of interrogatories and document production requests. This was the only discovery made on Toth's behalf in either the state or federal courts during the entire history of this case.

Later in October 1984, TWA brought a motion to compel responses to its document production requests, which included Toth's

Bank of America employment records. The motion was granted. Appellants sought, but were denied, relief in the state court of appeal. TWA ultimately was required to renew the motion after appellants refused to produce the documents. The renewal motion was granted.

### B. First Removal

In November 1985, TWA removed the suit on diversity grounds to the federal district court. Appellants moved to remand. The district court granted the remand, relying specifically on appellants' representations that they needed to conduct additional discovery, including depositions of the TWA flight crew, in order to determine whether nondiverse parties existed. No such discovery of any type was ever undertaken.

### C. Second Removal

In October 1986, after the state court had struck the Doe defendants from the complaint, TWA again removed the action to the district court. Interrogatories were served upon appellants.

In late December 1986, after three extensions of time, TWA received incomplete responses to its interrogatories. TWA requested supplementation, but appellants refused to respond to the requests. The partial responses revealed that Toth was still claiming continuing, significant damages from the incident aboard the TWA flight. She alleged substantial wage loss, severe restrictions on physical activities, and dramatic emotional and psychological injuries.

Given the severity of the claimed ongoing damages, together with the inadequate responses and appellants' refusal to supplement them, TWA filed a motion to compel answers to interrogatories and for sanctions. Appellants filed no opposition and did not appear at the hearing on the motion. On February 23, 1987, the federal magistrate entered the following order: (1) interrogatories had to be fully answered by March 2, 1987; (2) all objections and claims of privilege be stricken from the initial responses; (3) appellants were precluded from raising any objections and claims of privilege in supplemental responses; and (4) imposed sanctions against appellants jointly for fees and costs incurred by TWA in bringing the motion.

The federal magistrate also ordered the Bank of America to comply with TWA's subpoena for the transcript of Toth's deposition and answers to interrogatories arising from her wrongful discharge lawsuit against the bank. Prior to that order, appellants had threatened to sue the bank if it complied with TWA's subpoena. Despite the informal objections and threats, appellants had filed no opposition to the bank's motion for a compliance order.

TWA moved for additional discovery as to Toth's medical problems and wage loss. When appellants sought to block all discovery until after arbitration, TWA requested the district court issue a discovery plan. Appellants filed no opposition to TWA's proposed plan. Subsequently, a discovery plan was approved by the court and it was ordered that all of TWA's outstanding discovery go forward, including a physical and mental examination of Toth.

By March 4, 1987, appellants had not fully complied with the magistrate's discovery orders. Furthermore, appellants advised TWA that Toth would not be produced for a court-ordered deposition nor would any of the other discovery orders be complied with until after March 6, 1987. As a result, TWA filed a motion to dismiss and for sanctions.

One week later, TWA agreed to reschedule some of its discovery. Five weeks later, by the date of the hearing on the motion to dismiss held on April 10, 1987, appellants had yet to comply with the magistrate's discovery orders. Although appellants had not filed any opposition to the motion for dismissal and sanctions, Judge Conti heard their explanations and granted appellants two additional weeks to comply with the outstanding orders. Accordingly, Judge Conti was obliged to vacate both the arbitration and trial dates.

As of the April 24, 1987 hearing on TWA's motion to dismiss, appellants still had not filed any opposition. Nevertheless,

Judge Conti again listened to appellants' explanations and granted them a second extension of time within which to comply with the outstanding orders.

By the time of the third hearing held on May 1, 1987, appellants still had not fully complied with the district court's orders. This time, however, despite appellants' further explanations, Judge Conti dismissed the case and imposed sanctions jointly against Thornally and Toth.

## II.

## DISCUSSION

### A. Dismissal and Sanctions

Appellants allege that the district court erred in basing the dismissal and imposition of monetary sanctions on Local Rule violations and Fed.R.Civ.P. 11, 37, and 41(b). Because we find that the *basis* for the sanctions was appropriate pursuant to Fed.R.Civ.P. 37, we need not address the other alleged violations.

### 1. Dismissal Under Fed.R.Civ.P. 37(b)(2)(C)

■ The district court's dismissal of a case with prejudice is reviewed for abuse of discretion. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). "[W]e will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Id.* The issue is "not whether this court would have, as an original matter, imposed the sanctions chosen by the trial court, but whether the trial court exceeded the limits of its discretion." *Halaco Engineering Co. v. Costle*, 843 F.2d 376, 379 (9th Cir. 1988). A determination that court orders were disobeyed is entitled to considerable weight since a district judge is best equipped to assess the circumstances of the noncompliance. *Id.*

■ Five factors must be considered before imposing the sanction of dismissal:[1] "(1) the public's interest in expeditious res-

olution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986). When the district court does not explicitly consider the five factors, as was the case here, we must review the record independently to determine whether the dismissal was an abuse of discretion. *Malone*, 833 F.2d at 130.

■ Dismissal of this action was based on appellants' continued refusal to respond to requests to produce; they continued to refuse even after the court had ordered their responses. The record contains substantial evidence of long and unjustified delays in responding to discovery requests and noncompliance with judicial orders. We find this evidence relevant to the considerations of expeditious resolution of litigation, docket management, and prejudice, and support the district court's order. The district court considered, and indeed instigated, less drastic sanctions, but to no avail. While the public policy favoring disposition on the merits weighs against dismissal, it is not enough to preclude a dismissal order when the other four factors weigh as heavily in favor of dismissal as they do in this case. *See Malone*, 833 F.2d at 133 n. 2.

### 2. Monetary Sanctions

■ Appellants contend that the district court's award of costs and attorney's fees in the amount of $15,288.25 is an abuse of discretion. They challenge both the entitlement to, and the reasonableness of this award.

Fed.R.Civ.P. 37(b)(2) provides for the award of reasonable expenses and attorney's fees "caused by the failure" to obey a court order to provide or permit dis-

---

1. The standards governing dismissal for failure to obey court orders are the same under Fed.R. Civ.P. 37(b)(2)(C) or 41(b). *Malone*, 833 F.2d at 130.

covery. Expenses incurred outside of this particular context are not provided for in Rule 37(b)(2).[2]

Here, while the district court cited to Fed.R.Civ.P. 11, 37(b)(2), and Local Rules 100–3 and 235–2, it specifically alluded to the language of 37(b)(2) when it ordered "plaintiff and plaintiff's counsel, jointly and severally liable, to pay to TWA its reasonable expenses, including attorney's fees, *incurred as a result of plaintiff's and plaintiff's counsel's disobedience of this Court's orders.*" Excerpts of Record (ER) 138 at 19 (emphasis added).

Counsel for TWA submitted a declaration itemizing attorney's fees and costs incurred in connection with this action. Clerk's Record (CR) 126. The fees and costs included time traceable to "the preparation and filing of TWA's Motion for Discovery Plan and (Proposed) Plan and Schedule of Discovery," CR 126 at 4, as well as time traceable to efforts in opposing an *Ex Parte* Application for Protective Order filed by appellants on February 6, 1987. *Id.* at 6. The itemization of costs and fees also included numerous other expenditures incurred prior to the attainment of the first court order directed against appellants on February 23, 1987. *See* ER 86, 87.

To the extent that such expenses were not "incurred as a result of plaintiff's and plaintiff's counsel's disobedience of ... Court[] orders," we find that the amount of the award was an abuse of the district court's discretion.[3]

Furthermore, there is no evidence in the record to indicate that the rates claimed were reasonable or that they were comparable with prevailing rates in the community. The district court simply recited the total sanction award, stating that "[t]he amount of these sanctions ... [is] established by TWA to the satisfaction of this Court." ER 138 at 19.

As we explained in *Southerland v. Intern. Longshoremen's, Local 8*, 834 F.2d 790 (9th Cir.1987):

> The district judge is in the best position to determine the reasonableness of a fee award, but in order for this appeal to be meaningful, the record must inform us of the basis for this conclusion ... Failure to provide evidence of prevailing legal rates in the community leaves a court with an insufficient basis from which to conclude that the rates requested are "reasonable."

*Id.* at 795 (citations and footnote omitted).

Because the costs and fees awarded were not properly segregated to those expenses caused by the failure to obey court orders, as circumscribed by 37(b)(2) and the district court's sanction order, we remand to the district court with directions to adjust the award of monetary sanctions accordingly. On remand, the district court is instructed to set forth facts explaining its ultimate award.

---

**2.** Fed.R.Civ.P. 37(b)(2) "must be distinguished from Rule 37(a), which provides for the award of expenses resulting from efforts to secure an order compelling discovery." *Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir.1981). Thus, "attorney-time before and during" a hearing in which a court order is imposed is "not attorney-time incurred on account of [appellants'] failure to obey an order." *Id. See also Wm. T. Thompson Co. v. General Nutrition Corp.*, 104 F.R.D. 119, 121–22 n. 1 (C.D.Calif.1985) (Because the award of expenses pursuant to Rule 37(a) was neither sought nor relied upon in awarding sanctions, the party was not entitled to expenses for securing an order compelling discovery).

**3.** Local Rules 100–3 and 235–2 do not provide independent authority for the imposition of monetary sanctions. Furthermore, Fed.R.Civ.P. 26(g) and 37 "are sufficiently comprehensive to leave no room for a discovery abuse sanction based upon a local rule violation." *Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir.), *amended on other grounds*, 803 F.2d 1085 (1986), *cert. denied sub nom. Real v. Yagman*, —— U.S. ——, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987).

Similarly, Judge Conti apparently relied on appellants' failure to sign the April, 1987 supplemental responses to TWA's Second Set of Interrogatories and Second Request for Production as the basis for his imposition of monetary sanctions under Fed.R.Civ.P. 11. While it is not clear in this circuit whether monetary sanctions pursuant to Rule 11 are appropriate in the case of a failure-to-sign violation, *see Estate of Blas ex rel Chargualaf v. Winkler*, 792 F.2d 858, 861 (9th Cir.1986), we decline to address this issue. These pretermissions occurred subsequent to the February 23, 1987 court order, thus they are not relevant for the limited purposes of our remand.

**B. Due Process**

Appellants contend that they were denied due process when the district court dismissed the action and imposed joint and several monetary sanctions. This contention lacks any semblance of merit. Appellants had actual notice that they would be faced with sanctions, including dismissal, for failing to abide by court orders. This notice derived not only from the hearings on April 10th and April 24th, but also from TWA's dismissal and sanction motion filed on March 4, 1987. ER 91–93.

That appellants were denied an opportunity to be heard is clearly contradicted by the record. Despite having had the opportunity for two months to oppose TWA's motion of dismissal and sanctions, appellants never filed any opposition to that motion. The record clearly indicates that Judge Conti heard appellants' explanations during the April 10, 1987 hearing, granting them two additional weeks to comply with the outstanding orders. Similarly, Judge Conti heard further explanations during the April 24, 1987 hearing, granting appellants a second extension of time within which to comply with the court's orders. Finally, appellants offered the same inadequate explanations for failure to comply with the discovery orders during the hearing on May 1, 1987. Judge Conti had simply heard them all when he ultimately ordered the case dismissed and assessed sanctions.

With respect to appellants' claim that sanctions should have been imposed solely on counsel rather than the client, this argument would require us to ignore established law. In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court expressly stated:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequence of the acts or omissions of this freely selected agent.

*Id.* at 633–34, 82 S.Ct. at 1390–91. *See also Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1332 (9th Cir.1981).

**C. Post Judgment Motion**

On June 8, 1987, motions were filed requesting, *inter alia,* leave to file a late response to TWA's motion to dismiss. A declaration of counsel accompanied the motion. Judge Conti denied the motion stating that "[a]t this late date, plaintiff cannot seriously contend she lacked an opportunity to respond to defendant's motion." ER 149 at 4. We review denials of motions under Fed.R.Civ.P. 60 for abuse of discretion. *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829, 832 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986).

Appellants' claim that Judge Conti abused his discretion is without merit. No aspect of appellants' explanation for their neglect constitutes a valid reason or an adequate showing of excusable neglect for relief under Rule 60(b). Moreover, under Local Rule 220–1, the district court was under no obligation to hold a hearing on the motion. We find no abuse of discretion in the court's denial of the 60(b) motion.

**D. Motion to Disqualify**

In addition to appellants' motion for relief from judgment and for leave to file a late response, they also moved to disqualify Judge Conti pursuant to 28 U.S.C. §§ 144 and 455(b)(1). In accordance with § 144, an affidavit of prejudice was submitted asserting that Judge Conti had formed a "personal bias or prejudice" against plaintiff. ER 145.

Judge Conti denied the motion for disqualification, finding that the motion lacked a legal basis in that the "alleged bias or prejudice did not arise from an extrajudicial source." ER 149 at 3. Alternatively, the court found that "bias against plaintiff's counsel may not qualify as prejudice against plaintiff for purposes of disqualification." *Id.*

Notwithstanding the alternative basis, we find that the district judge correctly rejected the motion and affidavit as legally

insufficient. As with § 144, the provisions of § 455(a) & (b)(1) require recusal only if the bias or prejudice stems from an extra-judicial source and not from conduct or rulings made during the course of the proceeding. *Hasbrouck v. Texaco, Inc.*, 830 F.2d 1513, 1524 (9th Cir.1987); *United States v. Sibla*, 624 F.2d 864, 869 (9th Cir.1980).[4]

Appellants point to no extrajudicial basis for the alleged bias or prejudice. In her affidavit, appellant Toth stated that

> [a]ffiant's counsel has informed her that on two occasions Judge Conti stated in open court that he does not believe one of my counsel's explanations of the events in this case and that her credibility with the judge is "about zero." I am also informed that Judge Conti stated this counsel has been violating every court order of the magistrate and his court orders.

ER 145 at 2. The bias or prejudice alleged arose from conduct during the judicial proceeding, and the motion and affidavit, thus, were legally insufficient.

 Appellants' argument that Judge Conti erred in failing to assign the motions to another judge for a hearing is equally unavailing. Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to "proceed no further" in the case. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir.1978), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979). "Moreover, since the inquiry is addressed to the facial sufficiency of the affidavit—not to the truth or falsity of the facts stated therein, ... [a] 'hearing' is unnecessary." *Id.* (citation omitted).

### E. Other Issues

We have carefully considered appellants' other claims as to alleged errors and conclude that these arguments have no merit and do not, in this case, warrant further consideration.

**4.** Appellants urge for the first time that disqualification was also required under 28 U.S.C. § 455(a). They are not foreclosed, however,

### III.

### CONCLUSION

Based on the foregoing, we affirm the district court's order of dismissal and imposition of sanctions. The *basis* of these sanctions was clearly warranted by the record. However, with respect to the actual amount of monetary sanctions imposed, we remand to the district court with directions to conduct such additional fact-finding as may be required and to adjust the award of monetary sanctions accordingly. The parties shall bear their own costs of this appeal.

AFFIRMED in part, and REMANDED to recalculate monetary sanction.

from raising this provision on appeal. *See Sibla*, 624 F.2d at 868.