951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
YELLOWSTONE FARMING PARTNERSHIP, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE; Clayton K.
Yeutter, Secretary of Agriculture, Defendants-Appellees.
 No. 91-35371.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 30, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yellowstone Farming Partnership ("YFP") appeals the district court's summary judgment in favor of defendants and denial of YFP's motion for reconsideration of the judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo a grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We review the denial of a motion for reconsideration for abuse of discretion. Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1387 (9th Cir.1988).
 
 
 4
 Defendants filed their motion for summary judgment on August 31, 1990. Local Rule 220-1 of the Rules of Procedure for the U.S. District Court for the District of Montana provides that after the moving party has served and filed a motion and a supporting brief,
 
 
 5
 [t]he adverse party shall have 10 days thereafter within which to serve and file an answer brief.... Failure to file briefs within the prescribed time may subject any motion to summary ruling.... [F]ailure to file a brief by the adverse party shall be deemed an admission that, in the opinion of counsel, the motion is well taken.
 
 
 6
 The district court granted defendants' motion for summary judgment on January 8, 1991, on the grounds that YFP had failed to respond within 10 days and that the court had reviewed the motion and supporting materials and concluded that the motion was well taken. On that same day, YFP filed its response to defendants' motion for summary judgment. It appears, however, that the court did not consider YFP's response in its order granting summary judgment. On January 15, 1991, YFP filed a motion to set aside judgment on the ground of mistake or excusable neglect, which the court denied on March 1, 1991. YFP appeals the summary judgment and the denial of the motion to reconsider.[1]
 
 
 7
 YFP contends that the district court should not have decided the summary judgment motion on procedural grounds because genuine issues of fact remained for trial. District courts have broad discretion in interpreting and applying their local rules. Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 521 (9th Cir.1983). The district court properly granted summary judgment after YFP failed to respond for four months. See United States v. Warren, 601 F.2d 471, 473-74 (9th Cir.1979) (upholding dismissal of case pursuant to local rule which provided failure to oppose motion constituted consent to the motion). Further, the district court's order clearly states that the court considered the merits of the motion before granting summary judgment.
 
 
 8
 YFP contends that its response was timely filed pursuant to Fed.R.Civ.P. 56(c) and should have been considered. YFP contends that the local rules conflict with Federal Rule 56, which provides that the adverse party may serve opposing affidavits prior to the day of the hearing. Fed.R.Civ.P. 56(c). District courts have the power to enact rules governing their practice provided they are not inconsistent with the Federal Rules of Civil Procedure. Fed.R.Civ.P. 83. Local Rule 220-1 provides that a response to a motion must be filed within 10 days, and Federal Rule 56(c) provides that the nonmoving party may serve opposing affidavits prior to the day of the hearing. There is no direct conflict, however, because a hearing on a summary judgment motion is not mandatory. Federal Rule 78 provides, "the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." Local Rule 220-1 provides, "[u]pon the filing of briefs, the motion shall be deemed made and submitted and taken under advisement by the Court, unless the Court orders oral argument on the motion." Under these Rules, hearing on the summary judgment motion was not automatic or mandatory.[2] See Fernhoff v. Tahoe Regional Planning Agency, 803 F.2d 979, 983 (district courts may provide by rule that a party desiring oral argument on a summary judgment motion must request it or oral argument will be deemed to have been waived). Therefore, the Federal Rule 56(c) deadline did not apply, and Local Rule 220-1 does not conflict with Federal Rule 56.
 
 
 9
 Finally, YFP contends that the district court should have granted the motion for reconsideration on the ground of mistake or excusable neglect because counsel sincerely believed that Federal Rule 56 established the deadline for its response, not Local Rule 220-1. Attorneys are charged with knowing and following the local rules of the district courts before which they practice. See Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir.1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se). YFP's counsel's misapprehension of the federal and local rules of practice does not rise to the level of mistake or excusable neglect sufficient to warrant reconsideration. See Toth, 862 F.2d at 1387; Swimmer, 811 F.2d at 1345. Accordingly, the district court did not abuse its discretion in denying YFP's motion to set aside judgment. See Toth, 862 F.2d at 1387.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although YFP and the district court refer to YFP's motion to set aside judgment as one under Fed.R.Civ.P. 60(b), we treat it as a Rule 59(e) motion because it was filed within ten days of entry of judgment. See Swimmer v. IRS, 811 F.2d 1343, 1344 (9th Cir.1987). Because a timely Rule 59(e) motion tolls the time for appeal, we have jurisdiction to review both the denial of the Rule 59(e) motion and the underlying judgment. See id
 
 
 [2]
 YFP contends that under the pretrial order, January 10, 1991 was the date for hearing. The pretrial order, however, provides that January 10 is the last possible date for hearing on motions. The pretrial order did not specifically set January 10 as the date for hearing on the summary judgment motion, nor did it guarantee that any summary judgment motion would be orally argued