15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Phyllis ENOCHS, Plaintiff-Appellant,
and
Chevron, USA, Plaintiff-Intervenor
v.
US AIR, INC., Defendant-Third-Party-Plaintiff-Appellee,
v.
PNEUMO ABEX CORP., et al., Third-Party-Defendant.
 No. 93-55001.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 6, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Phyllis Enochs appeals the district court's dismissal for failure to prosecute of her diversity action against U.S. Air, Inc., for personal injuries. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review for abuse of discretion the district court's dismissal for failure to prosecute. See Morris v. Morgan Stanely & Co., 942 F.2d 648, 650 (9th Cir.1991). Dismissal of an action is a harsh penalty and should be imposed only in extreme circumstances. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987). "Nevertheless, we will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." Id.
 
 
 4
 In determining whether to dismiss an action for failure to prosecute, a trial court must consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (citations omitted).
 
 
 5
 Here, Enochs filed her complaint on March 16, 1990 in the Superior Court for the State of California. As of March 20, 1992, Enochs had not served defendants and the Superior Court issued an order to show cause why the action should not be dismissed for lack of prosecution pursuant to California Code of Civil Procedure, section 583.410(a).[1] At the OSC hearing on May 5, 1992, the Superior Court Judge ordered Enochs to file an at-issue memorandum within sixty days or the action would be dismissed. On May 6, 1992, Enochs's employer, Chevron U.S.A., served U.S. Air with a complaint-in-intervention. On June 5, 1992, U.S. Air removed the action to federal district court, based on diversity jurisdiction.
 
 
 6
 On September 18, 1992, U.S. Air filed a motion to dismiss for failure to comply with the state court order and for delay in prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Enochs served defendants on September 25, 1992. The district court dismissed Enochs's action on November 10, 1992 for failure to prosecute under both Rule 41(b) and Local Rule 12.1.
 
 
 7
 Upon review of the record, we conclude that dismissal was an appropriate sanction under the circumstances of this case. Enochs delayed service of the complaint for two and one half years after filing the complaint and did virtually nothing to advance her case from the time she filed the action to the date of dismissal. The only reasons offered by Enochs for the delay were the negligence of her former counsel and the fact that she was pro se from September 18, 1990 through July 24, 1992. These reasons do not excuse Enochs's delay in prosecuting the case. See, e.g., Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1387 (9th Cir.1988).
 
 
 8
 The record contains substantial evidence of a long and unjustified delay. This delay is relevant to the considerations of expeditious litigation, docket management, and prejudice and supports the district court's order. While the public policy favoring disposition on the merits weighs against dismissal, it is not enough to preclude dismissal in this case. Under the circumstances, we are not left with a definite and firm conviction that dismissal for failure to prosecute was clearly outside the acceptable range of sanctions. See Malone, 833 F.2d at 130.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellee's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 583.410 provides in pertinent part: "[t]he court may in its discretion dismiss an action for delay in prosecution ... if to do so appears to the court appropriate under the circumstances of the case."