65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel G. CHIA, Plaintiff-Appellant,
v.
MOTOROLA COMMUNICATIONS, INC., Defendant-Appellee.
 No. 94-17100.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel G. Chia appeals pro se the district court's (1) denial of a motion to recuse; (2) dismissal of his independent action brought pursuant to Federal Rule of Civil Procedure 60(b); (3) entry of an order requiring pre-filing review of further complaints against Motorola; and (4) imposition of sanctions pursuant to Rule 11. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The district judge did not abuse her discretion by refusing to disqualify herself pursuant to 28 U.S.C. Secs. 144 and 455. Recusal is not required when the alleged bias arises from "conduct or rulings made during the course of the proceeding." Toth v. TransWorld Airlines, 862 F.2d 1381, 1388 (9th Cir.1988).
 
 
 4
 Nor did the district judge err by dismissing, for failure to state a claim, Chia's action brought pursuant to Rule 60(b). Even accepting as true Chia's allegation that Motorola's attorney committed fraud to obtain an extension of time, he cannot establish that the fraud prevented him from fully and fairly presenting his claim in his earlier lawsuit. See Abatti v. Commissioner, 859 F.2d 115, 118 (9th Cir.1988).
 
 
 5
 The pre-filing review order was not an abuse of discretion. Moy v. United States, 906 F.2d 467. 469-70 (9th Cir.1990). The record demonstrates that Chia has filed three lawsuits arising from the same set of facts, and reargued the merits of his claims in post-judgment motions and appeals, all of which were without merit. Moreover, Chia was warned previously by Judge Vukasin that his filings regarding the alleged fraud in this case were "patently meritless, and walking the fine line of frivolity. If plaintiff crosses that line, he will be sanctioned appropriately."
 
 
 6
 The district judge likewise did not abuse her discretion by imposing sanctions pursuant to Rule 11. See Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1991) (en banc) (sanctions may be imposed for frivolous filings).[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Chia's motion to stay these proceedings is denied