122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul R. JUDICE; Nestor I. Williams; Lloyd R. Williams;
Ernie L. Lisman; Keith J. Ichikawa; Donnell Kinneson;
Fred Lattimore; Ronald Olszowa; Benjamin S. Betts;
William E. Wheeler, Sr.; Pat Zito; Richard Hammond, III;
Kenneth T. Johnson, et al.; Alphonso Bonds, Jr.; Billy
Cummings; Wilbert Epps, Jr.; David Jenkins; Reginald
Johnson; Baron Tennelle; Robert Tolan; Henry Turner;
Lloyd Randy Williams; Charles Levesque; Austin Judice;
Iris Martin; Ed Browley; Larry Holt; James Whitaker;
Protasio Alforque; Jan E. Butler; C.R. Hunter; James
Judice; Owen Ellis; Howard W. Browne; Terry Jackson,
Plaintiffs-Appellants,
v.
UNITED AIRLINES, INC. and United Airlines Corporation,
Defendants-Appellees.
 Nos. 96-55121, 96-55697.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1997
Decided Aug. 27, 1997.
 
 Appeal from the Decision of the United States District Court for the Central District of California, No. 93-1125(RMT) Robert M. Takasugi, District Judge, Presiding.
 Before: CANBY and THOMAS, Circuit Judges, and KING,** District Judge.
 MEMORANDUM*
 Plaintiff-Appellants appeal the dismissal of their complaint for failure to comply with the district court's discovery orders. More than 200 plaintiffs joined together in this case to file suit against the defendants. The district court found that the plaintiffs wilfully failed to comply with discovery, and dismissed the complaint in its entirety without holding an evidentiary hearing to determine the degree of compliance of each individual plaintiff. We vacate the district court's dismissal and remand for a determination of each individual plaintiff's degree of compliance with discovery. On remand, the district court should consider whether lesser sanctions are appropriate for those plaintiffs, if any, who were in sufficiently substantial compliance with the court's orders.
 As the parties are aware of the history of the discovery problems in this case, it is not necessary to recite the facts in detail here. Discovery began in September 1993. The district court dismissed the case in October 1995. In the interim period, the court issued five discovery orders to prod the plaintiffs into compliance with their discovery obligations. The court ordered monetary sanctions against the plaintiffs and their counsel, and warned the plaintiffs of the potential for dismissal for repeated failure to comply. The district court was not satisfied with the overall status of compliance when it adopted the magistrate judge's recommendation of dismissal and granted the second motion to dismiss.
 Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that "if a party ... fails to obey an order to provide or permit discovery ... the court ... may make such orders in regard to the failure as are just, and among others ... an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party...." Fed.R.Civ.P. 37(b)(2).
 Because dismissal is such a harsh sanction, we have previously identified five factors that the district court should consider in determining whether to exercise its discretion to dismiss a complaint for discovery abuse: (1) the public's interest in the expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henry v. Gill Industries, 983 F.2d 943, 948 (9th Cir.1993); Toth v. Trans World Airlines. Inc., 862 F.2d 1381, 1385 (9th Cir.1988). The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a dismissal sanction. Henry, 983 F.2d at 948. The key factors are therefore prejudice and the availability of lesser sanctions. Henry, 983 F.2d at 948.
 The record shows that the district court considered these factors in evaluating the degree of the plaintiffs' compliance in the aggregate. However, the district court declined to hold an evidentiary hearing to determine the degree of compliance of each individual plaintiff. Because the plaintiffs did not sue as a class and were never so certified, we hold that it was an abuse of discretion for the district court to dismiss the action without giving the plaintiffs individual consideration. There are indications in the record that there may have been substantial variance in the degree of compliance of individual plaintiffs. While dismissal may be an appropriate sanction for all or most of the plaintiffs, the district court should not have imposed a group sanction without affording the plaintiffs the opportunity to argue and present evidence that one or more of their number substantially complied with discovery obligations notwithstanding the overall level of noncompliance.
 Although we reverse the district court's dismissal and remand for an evidentiary hearing, we reject the plaintiffs' argument that they cannot be held responsible for the conduct of their attorneys. As the Supreme Court has stated:
 There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequence of the acts or omissions of this freely selected agent.
 Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962). See also Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1387 (1988); Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1431 n. 2 (9th Cir.1990). On remand, we do not foreclose the district court from dismissing those plaintiffs whose failure to comply with discovery constitutes egregious discovery abuse. As counsel for the plaintiffs conceded in oral argument, dismissal may be appropriate for many of the plaintiffs in this case. The district court should consider the feasability of lesser sanctions--such as precluding the introduction of certain evidence--for those plaintiffs, if any, who have complied with enough of their discovery obligations to withstand a dismissal sanction.
 As it now appears that on appeal different groups of plaintiffs are represented by different counsel or are pro se, on remand the district court may wish to consider the feasability of severing this action for further proceedings.
 REVERSED and REMANDED.
 
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting the designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3