Nancy J. STONE, Plaintiff—Appellant,

v.

State of HAWAII DEPARTMENT OF EDUCATION; et al., Defendants—Appellees,

and

Pat Hamamoto; et al., Defendants.

No. 04–16396.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Nancy J. Stone, Kailua, HI, pro se.

Maria C. Cook, Esq., AGHI—Office of the Hawaii Attorney General, Honolulu, HI, for Defendants–Appellees.

James E. Halvorson, State of Hawaii Atty., Generals Dept. Employment Relations Division, Honolulu, HI, Maria Celeste Cook, University of Akron, General Counsel, Akron, OH, for Defendants.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: GOODWIN, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM **

Nancy J. Stone, a teacher formerly employed by the Hawaii Department of Education, appeals pro se from the district court's summary judgment in favor of defendants in her action alleging retaliation and discrimination based on age, gender, and race. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo an award of summary judgment. *See Freeman v. Oakland Unified Sch. Dist.,* 291 F.3d 632, 636 (9th Cir.2002). We affirm.

The district court properly granted summary judgment on Stone's discrimination claims because Stone failed to raise a triable issue of material fact as to whether she suffered any adverse employment action. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.,* 225 F.3d 1115, 1123 (9th Cir. 2000) (citations omitted) (establishing elements of discrimination claim); *Brooks v. City of San Mateo,* 229 F.3d 917, 928–29 (9th Cir.2000) (fleshing out contours of "adverse employment action").

The district court properly granted summary judgment on Stone's hostile work environment claim, because the conduct she alleged (that administration officials prohibited her from allowing students to drive her vehicle on campus, prohibited her from fundraising without explicit permission, asked her to park her vehicle in a way that would hide a Bob Marley bumper sticker, and allowed support staff to yell at her during a meeting) was neither so severe nor so pervasive as to alter the condi-

tions of Stone's employment and create an abusive work environment. *See Manatt v. Bank of America,* 339 F.3d 792, 798 (9th Cir.2003). Furthermore, the racially offensive comment that she heard her fellow teacher make was not sufficient to create a triable issue of fact regarding whether the workplace was hostile. *See Vasquez v. County of Los Angeles,* 349 F.3d 634, 644 (9th Cir.2003).

Stone failed to make a prima facie showing that she suffered discrimination in hiring, because she did not raise a triable issue of material fact as to whether she applied for and was rejected from a job for which she was qualified, but that was later filled by a teacher with equal or lesser qualifications. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Stone failed to establish a prima facie case for retaliation because she presented no evidence to show a causal connection between her protected actions and the treatment about which she complains. *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 272–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001).

Stone's contentions that the district court judge was biased are without support in the record. *See Toth v. Trans World Airlines, Inc.,* 862 F.2d 1381, 1388 (9th Cir.1988) (holding that a judge's legal decisions cannot be used as evidence of bias); *see also United States v. Nelson,* 718 F.2d 315, 321 (9th Cir.1983) (noting that disqualification is appropriate only when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.").

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Stone's remaining contentions also lack merit.

**AFFIRMED.**