Aramis **ARREDONDO,** Plaintiff–Appellant,

v.

**LAS VEGAS METROPOLITAN POLICE DEPARTMENT; et al., Defendants–Appellees.**

No. 06–16349.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**634**

Aramis Arredondo, Indian Springs, NV, pro se.

Peter M. Angulo, Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Defendants–Appellees.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Aramis Arredondo, a Nevada state prisoner, appeals pro se from the district court's orders dismissing his action for failure to comply with a court order, and denying his motion to alter the judgment, in his 42 U.S.C. § 1983 action alleging that defendants violated his civil rights by using excessive force when arresting him. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of a motion to alter the judgment. *Weeks v. Bayer*, 246 F.3d 1231, 1234 (9th Cir.2001). We vacate the district court's order denying Arredondo's motion to alter the judgment and remand for consideration of Arredondo's reply.

The district court ruled on Arredondo's motion to alter the judgment after the defendants' opposition but before receiving Arredondo's reply. The district court denied the motion, finding Arredondo failed to show he did not receive the order instructing him to sign the pretrial order. Arredondo's reply, however, contained rel-

** This disposition is not appropriate for publi-

evant evidence regarding the prison mail log and his attempts to obtain it. Arredondo's motion and reply were timely under the mailbox rule. *See Caldwell v. Amend,* 30 F.3d 1199, 1201 (9th Cir.1994). We therefore vacate the district court's order denying the motion and remand for the district court to consider Arredondo's reply and its attached evidence.

Arredondo's contentions that the district court judge was biased are not supported by the record. *See Toth v. Trans World Airlines, Inc.,* 862 F.2d 1381, 1388 (9th Cir.1988) (holding that a judge's legal decisions cannot be used as evidence of bias).

In light of this disposition, we decline to consider Arredondo's remaining contentions.

We deny defendants' request for sanctions. Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.