**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY C. STONE INCORPORATED, | No. 11-17090 |
| Plaintiff, | D.C. No. 2:09-cv-02454-NVW |
| v. | |
| GREENBERG TRAURIG LLP, et al. | MEMORANDUM[*] |
| Defendants, and | |
| GRANT H. GOODMAN, | |
| Real-party-in-interest - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, Circuit Judge, Presiding[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Mary H. Murguia, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Submitted January 17, 2012[*]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Attorney Grant H. Goodman appeals pro se from the district court's judgment imposing sanctions against him under its inherent authority for conduct related to his representation of plaintiff in the underlying action.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion, *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997), and we affirm.

The district court did not abuse its discretion in imposing sanctions against Goodman because, among other actions, he improperly tried to remove a probate action; misrepresented the law and the facts to the court; and caused defendants to defend a baseless action before his client voluntarily dismissed it at the eleventh hour.  *See id*. at 649 (inherent authority sanctions are warranted for a party's bad faith in knowingly or recklessly raising frivolous claims or arguments); *see also Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (inherent authority sanctions are available for an attorney's reckless misstatements for an improper purpose).

Gordon's remaining contentions, including those related to the district

---

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

11-17090

court's alleged bias in imposing sanctions, are unpersuasive. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (alleged bias must stem from an extrajudicial source).

Goodman's motion, in which he appears to ask this court to dismiss the state disciplinary proceedings against him or to void his suspension from practice by the state bar, is denied.

**AFFIRMED.**