**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES V. McCLAIN, III, pro se, and all others similarly situated, | No. 12-35536 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00567-RSM |
| v. | MEMORANDUM AND ORDER[*] |
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS AFL-CIO, DISTRICT 751, | |
| Defendants - Appellees. | |
| CHARLES V. McCLAIN, III, and all others similarly situated, | No. 12-35641 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00613-RSM |
| v. | |
| BOEING COMPANY, a foreign corporation, et al., | |
| Defendants - Appellees. | |

Appeals from the United States District Court
for the Western District of Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Ricardo S. Martinez, District Judge, Presiding

Submitted January 13, 2015[**]

Before:     LEAVY, GRABER, and OWENS, Circuit Judges.

In these consolidated appeals, Charles V. McClain, III, appeals pro se from the district court's judgments in his two employment actions arising from his termination by the Boeing Company and his representation by the International Association of Machinists and Aerospace Workers AFL-CIO, District 751. We have jurisdiction under 28 U.S.C. § 1291. We review de novo questions of preemption, *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc), summary judgment, *Braunling v. Countrywide Home Loans Inc.*, 220 F.3d 1154, 1156 (9th Cir. 2000), and claim preclusion, *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (per curiam). We review for abuse of discretion the application of local rules. *Hilton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993). We affirm both appeals.

**Appeal No. 12-35536**

The district court properly granted summary judgment on McClain's disability claim under the Washington Law Against Discrimination ("WLAD")

---

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, McClain's request for oral argument is denied.

because McClain failed to raise a genuine dispute of material fact as to whether he is disabled. *See Hale v. Wellpinit Sch. Dist. No. 49*, 198 P.3d 1021, 1024-25 (Wash. 2009) (during relevant time period, WLAD used definition of "disability" found in the Americans with Disabilities Act ("ADA")); *see also Braunling*, 220 F.3d at 1157 ("Under the ADA, an employee is disabled if . . . [his] physical or mental impairment substantially limits one or more of the major life activities.").

The district court properly granted summary judgment on McClain's remaining state law claims because McClain failed to raise a genuine dispute of material fact as to preemption by section 301 of the Labor Management Relations Act or the federal statutory duty of fair representation. *See Adkins v. Mireles*, 526 F.3d 531, 539-40 (9th Cir. 2008) (section 301 preempts state law claims that are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" (internal quotation marks omitted), and the federal statutory duty of fair representation preempts state law claims derived from the union's status as its members' exclusive bargaining representative).

McClain's contention that the district court lacked jurisdiction to deny McClain's motion to enforce a purported settlement agreement is unpersuasive and not supported by the record. *See City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim, Ltd.)*, 22 F.3d 954, 957 (9th Cir. 1994) (district

court has inherent power to enforce a settlement agreement in a pending action).

We do not consider McClain's arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**Appeal No. 12-35641**

The district court properly dismissed McClain's state law claims because McClain raised, or could have raised, these claims in his prior action that involved nearly identical defendants; the earlier action was decided on the merits. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." (internal quotation marks omitted)).

The district court did not abuse its discretion by denying McClain's motion for reconsideration because McClain failed to establish a basis for such relief. *See* W.D. Wash. R. 7(h)(1) (setting forth grounds for reconsideration); *see also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e)).

The district court did not abuse its discretion by declining to refer McClain's second recusal motion to the chief judge. Even assuming that the denial violated

Local General Rule 8(c), as McClain argues, violation of a local rule does not warrant reversal unless it affects substantial rights. *Alliance of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327-28 (9th Cir. 2013). Any violation did not affect McClain's substantial rights because the chief judge had already rejected McClain's first round of recusal motions, and because McClain's affidavit failed to present a legally sufficient ground for recusal under 28 U.S.C. § 144. *See* W.D. Wash. Gen. R. 8(c) (requiring referral to chief judge of motions for "alleged bias or prejudice . . . filed pursuant to 28 U.S.C. § 144"); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (recusal not required under § 144 where the affidavit does not allege bias or prejudice that stems from an extrajudicial source).

**AFFIRMED**.