**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHUKS ODIGWE,

          Plaintiff - Appellant,

  v.

NATIONAL MENTOR HEALTHCARE, LLC, DBA Arizona Mentor,

          Defendant - Appellee.

Nos. 13-17067
     14-15881
     14-15908

D.C. No. 2:11-cv-02396-MEA
D.C. No. 2:11-cv-02396-BSB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Mark E. Aspey, Magistrate Judge, Presiding[**]
Stephen M. McNamee, District Judge, Presiding
Bridget S. Bade, Magistrate Judge, Presiding[**]

Submitted August 25, 2015[***]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

    In these consolidated appeals, Chuks Odigwe appeals pro se from the district

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his employment discrimination action as a discovery sanction under Federal Rule of Civil Procedure 37(b). We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). We affirm as to Nos. 13-17067 and 14-15881, and vacate and remand as to the amount of attorney's fees awarded in No. 14-15908.

The district court did not abuse its discretion by dismissing Odigwe's action under Fed. R. Civ. P. 37(b)(2) in light of Odigwe's repeated failures to comply with the district court's discovery orders and after finding that the behavior was willful. *See* Fed. R. Civ. P. 37(b)(2); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006) ("Rule 37 sanctions, including dismissal, may be imposed where the violation is due to willfulness, bad faith, *or* fault of the party." (citation and internal quotation marks omitted)); *Rio Props.*, 284 F.3d at 1022 (discussing five factors courts must weigh in determining whether to dismiss a case for failure to comply with a court order).

The district court did not err in denying Odigwe's motion to rescind his consent to proceed before a magistrate judge because Odigwe did not show "extraordinary circumstances." 28 U.S.C. § 636(c)(4); *see also Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (a party in a civil action may withdraw its consent to

proceed before a magistrate judge only by showing extraordinary circumstances).

The award of attorney's fees was warranted under Fed. R. Civ. P. 37(b)(2)(C) because there was no substantial justification for Odigwe's failure to obey the district court's orders. However, Fed. R. Civ. P. 37(b)(2) only "provides for the award of reasonable expenses and attorney's fees caused by the failure to obey a court order to provide or permit discovery." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988) (citation and internal quotation marks omitted). Because the amount awarded included fees that were not "caused by the failure to obey a court order to provide or permit discovery," such as fees incurred in responding to Odigwe's discovery requests, the amount was "not properly segregated to those expenses [permitted under] 37(b)(2)." *Id.* Therefore, we vacate the May 5, 2014 order and remand to the district court with instructions to adjust the attorney's fees award accordingly.

We do not consider Odigwe's arguments regarding the merits of his Title VII claims because his motions for summary judgment were denied as moot.

We reject Odigwe's contentions regarding due process and judicial bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

13-17067

Odigwe's motions, set forth in the opening brief for Nos. 14-15881 and 14-15908, are denied.

The parties shall bear their own costs on appeal.

**Appeal No. 13-17067; AFFIRMED.**

**Appeal No. 14-15881; AFFIRMED.**

**Appeal No. 14-15908; VACATED and REMANDED.**