NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM L. McVEIGH,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>CLIMATE CHANGERS, INC., DBA JW<br>Brower Heating & Air Conditioning; et al.,<br><br>       Defendants-Appellees. | No. 17-35331<br><br>D.C. No. 3:16-cv-05174-RJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

William L. McVeigh appeals pro se from the district court's judgment

dismissing his action alleging employment-related claims. We review for an abuse

of discretion a district court's dismissal as a sanction under Fed. R. Civ. P. 37(b).

*Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). We

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court did not abuse its discretion by dismissing McVeigh's action because McVeigh failed to comply with the district court's discovery orders, and he failed to appear for his deposition. *See id.* at 130-32 (discussing the five factors the district court must weigh before dismissing a case for failure to comply with a court order).

The district court did not abuse its discretion by sanctioning McVeigh in the amount of attorney's fees and costs "caused by [McVeigh's] failure to obey a court order to provide or permit discovery." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385-86 (9th Cir. 1988) (setting forth standard of review and the expenses the district court may consider in awarding attorney's fees under Rule 37(b)(2) (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying McVeigh's motion for reconsideration because McVeigh failed to establish any basis for such relief. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e)); *see also* W.D. Wash. R. 7(h)(1) (reconsideration will be "ordinarily den[ied] . . . in the absence of a showing of manifest error in the prior

17-35331

ruling or a showing of new facts or legal authority which could not have been brought to [the district court's] attention earlier with reasonable diligence.").

We reject as without merit McVeigh's contention that the district court was biased.

McVeigh's motion to supplement the record on appeal (Docket Entry No. 20) is denied.

**AFFIRMED.**