**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIKRAM GILL, | No. 16-56271 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00085-H-JLB |
| v. | |
| IKEBAL S. GILL, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| RANI B. GILL; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted February 7, 2018**
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and BATAILLON,***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

District Judge.

Vikram Gill appeals the district court's entry of monetary sanctions for violation of the court's discovery orders. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1.     Vikram Gill failed to appear for five noticed depositions in this case—three of which were court-ordered. Vikram cancelled the depositions on short notice, even after having been warned that failing to appear would result in sanctions. The district court did not abuse its discretion in finding that Vikram's latter three failures to appear were not "substantially justified," but instead were "frivolous" and "avoidable," and awarding sanctions of attorneys' fees on that basis. *See* Fed. R. Civ. P. 37(b)(2)(C), (d)(3) (providing for costs and attorneys' fees incurred in connection with violation of court orders and failures to appear for deposition if the violation is not substantially justified); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1172 (9th Cir. 1994) (upholding district court's finding that defendants' failures to appear for deposition were not substantially justified where there was no "good faith dispute" concerning their obligation to appear); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985) (holding "[t]he district judge was plainly acting within his discretion in ordering the payment of attorneys' fees and costs" for party's failure to appear for deposition and that the failure was not substantially justified even though the defendant did not have local counsel to represent him at

such a deposition).

2. Vikram Gill also failed to timely produce documents in response to Ikebal Gill's discovery requests, in violation of a court order. The district court's award of attorneys' fees associated with the late discovery responses was not an abuse of discretion. *See* Fed. R. Civ. P. 37(b)(2)(C); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1384–85 (9th Cir. 1988).

3. All of the fees awarded related to the cancelled depositions and document production failures, the motions to compel or dismiss based on the same, and other actions necessitated by Vikram Gill's discovery violations. The district court did not abuse its discretion in finding that the rates were reasonable and awarding those fees. *See* Fed. R. Civ. P. 37(b)(2)(C), (d)(3); *Hyde*, 24 F.3d at 1170 (upholding fees awarded under Rule 37(b)(2), including for motion drafting, where defendant's failure required plaintiff "to seek further court orders"); *Toth*, 862 F.2d at 1386; *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 n.5 (2017).

4. Vikram Gill did not oppose the district court's grant of dismissal as a sanction. Even if appeal of the dismissal were not therefore waived, it was not an abuse of discretion. *See* Fed. R. Civ. P. 37(b)(2)(A)(v), (d), 41(b); *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997) (holding district court did not abuse its discretion by dismissing plaintiffs' case as

sanction for failure to appear for deposition where plaintiff had failed to appear on numerous occasions and monetary sanctions had previously been imposed but not paid); *In re Exxon Valdez*, 102 F.3d 429, 432–33 (9th Cir. 1996).

**AFFIRMED.**